## ELA *v.* KNOX.

Money paid for copies of deeds which are necessary to be used in evidence in proving title to the premises in question, may be properly charged in bills of cost.

But copies of deeds procured for the purpose of preparing the case for trial on either side, but which are not to be used in evidence in proving title, or some other competent fact, will not be allowed.

In cases where surveys and plans are needed in preparing the case for trial, and where the plans are used on trial, the expenses of the survey and making the plans are not to be allowed in the bill of costs.

IN this case the plaintiff became nonsuit at the January adjourned term, 1865, and the defendant taxed as costs the ordinary travel, attendance and attorney fee, amounting to eight dollars, to which there was no objection. Defendant also taxed for copies of deeds three dollars, and for expenses of survey and plan eleven dollars. To both these last charges objection was made and the questions thus raised were reserved.

*Dana*, for plaintiff.

*Fowler & Chandler*, for defendant.

SARGENT, J. In this case it appears in evidence that the amounts charged for copies of the deeds were actually paid and were reasonable charges, and that these copies were procured to be used in evidence on trial, and were copies of deeds in the defendant's chain of title, which he must use to show title in himself to the premises in controversy. We think this charge should be allowed the same as a charge for taking a deposition to be used in the case. Had they been copies of deeds not in the defendant's chain of title and not to be used in evidence on the trial, however necessary they might have been to the defendant in preparing his case, they would not be allowed.

The bill for the survey and plan is as follows:

| | |
|---|---:|
| To paid surveyor for two days' surveying land in Allenstown, | $5.00 |
| To paid surveyor for making plan, | 2.00 |
| To paid two assistants, two days each, | 4.00 |
| | $11.00 |

And it appears in evidence that the sums charged were actually paid, and were reasonable charges, and that said survey and plan were necessary in order to the proper understanding and trial of the defendant's case; that said survey and plan were made in good faith by defendant, and by direction of his counsel with the expectation that the cause would be tried by the jury; that the surveyor would be an important witness for the defence, and that the plan would be of great importance to the defendant; that the surveyor had been examined by defendant's counsel and full minutes of his testimony taken; that he was expected to attend as a witness on trial, and had agreed to attend when requested, and bring and use the plan which he had made; and that his assistants were also relied on by defendant as important witnesses, who knew the location of the premises in controversy, and went to point them out particularly to the surveyor, and that they had also agreed to attend as witnesses at the trial. But, none of the witnesses were ever summoned, or attended court, as witnesses, but plaintiff, after seeing the defendant's plan and learning what his proof would be, became nonsuit.

We think this charge must be disallowed. Each party must prepare his case, look up his witnesses and examine them, and if the controversy is in relation to real estate, surveys and plans often become necessary on both sides. But for the work of preparing his case and making his surveys and plans, he may be obliged to pay his attorney and his surveyor, but cannot charge these items in his bill of costs, against the other side, in case of nonsuit or default, or a trial by jury. All that can be charged for the surveyor, is for the time he is in attendance as a witness.

This charge of eleven dollars is disallowed, the balance of eleven is allowed.