Motion for new trial denied.

---

### NEW HAMPSHIRE LAND CO. *v.* TILTON and others.

*(Circuit Court, D. New Hampshire.* February 3, 1887.)

COSTS—TAXATION—PLEA AMENDED BY ORDER OF COURT—COST OF SURVEYS OF LAND—COMPLIANCE WITH ORDER.

Where, in an action at law to recover the possession of certain lands, the defendant is ordered by the court to make his plea more certain, and, in order to enable defendant to file a proper plea in accordance with such order, it becomes necessary for him to make surveys and plans, the expense of such surveys and plans is not a part of defendant's taxable costs.

At Law.
*Chase & Streeter*, for plaintiff.
*Aldrich & Remich* and *Bingham & Mitchell*, for defendants.

COLT, J.   The defendants ask to have allowed in their taxed costs against the plaintiff the expense of certain surveys and plans made and used by them in the preparation and trial of the case.   The plaintiff, by its writ of entry filed at the May term, 1882, demanded possession of a large tract of land, about 50,000 acres, situated in Grafton county, New Hampshire.   The declaration described the land claimed.   The defendants in their plea filed August 24, 1882, disclaimed all lands in the plaintiff's declaration described, except certain lots.   At the next term of court the plaintiff moved that defendants' plea be rejected on the grounds of uncertainty and insufficiency.   Upon this motion the plaintiff claimed that defendants' plea did not tender an issue upon which a trial of a real action could be had, because the lots claimed by defendants had never been surveyed and marked upon the ground, and that, therefore, the lines of said lots could not be ascertained from the description in the plea.   The defendants admitted that the lots claimed by them had never been actually surveyed and marked upon the ground.   Upon hearing the parties, the presiding judge, against the defendants' objection, ordered that part of the plea describing the lots claimed by defendants rejected, and that the defendants furnish a plea describing the lines of the lots claimed by them by fixed, definite, and visible monuments upon the ground.   To comply with this order, the defendants were obliged to make surveys, and, after making them, they filed an amendment to their plea, setting out by definite boundaries these lots.   The surveys were made to perfect the defendants' pleading, and to furnish a plea in accordance with the order of the court.

Under these circumstances, I do not see how the defendants can recover for these expenses as a part of their taxable costs.   They were ordered by the court to make their plea more certain.   In order to enable them to file a proper plea, it became necessary for them to make the surveys. This was an expense incidental and necessary to their defense.   It was not an expense incurred under any rule or practice of this court, or for the benefit of both parties.   By section 914, Rev. St., the practice, pleadings, forms, and modes of proceeding in civil causes, other than equity and admiralty causes, in the circuit and district courts, shall conform, as near as may be, to the practice, pleadings, forms, and modes of proceeding of the courts of the state within which such circuit or district courts are held.   Under the practice of New Hampshire, it would seem that the expenses of such surveys are not allowed as a part of the taxable costs.   *Ela* v. *Knox,* 46 N. H. 16.

But, independently of the state practice, I find nothing in the federal statutes, or the practice of this court, that would seem to warrant the allowance of such an expense as a part of the taxable costs.   The defendants urge that the allowance is within the discretion of the court, and that, as the expense was made necessary by the order of the court, it is

properly taxable as part of the costs, or that, at least, the plaintiff should pay one-half the amount. We are not dealing with a cause in equity, but with an action at law; and, where an expense of this character is made necessary in order to file a proper plea in an action at law, I know of no rule or practice which allows it to be included in the taxable costs.

Motion denied.