[Argued March 27; decided April 27, 1893.]

## WEISS v. MEYER.

[S. C. 32 Pac. Rep. 1025.]

1. VACATING JUDGMENT FOR COSTS—CODE, § 102.— A party may, under the liberal language of section 102, Hill's Code, be relieved from a judgment for costs and disbursements entered against him if it shall appear that it was entered through mistake, inadvertence, surprise, or excusable neglect.

2. FILING OBJECTIONS TO COST BILL—DISCRETION OF COURT.— Where the affidavit of the party seeking relief shows that no objections to the bill of costs and disbursements were filed within the time prescribed by law because of the illness of his counsel, there was no abuse of discretion on the part of the trial court in allowing the objections to be filed after the expiration of the statutory time.

3. DISBURSEMENTS — EXPENSE OF SURVEY OR PLAT.*— The expense of making a survey of land in controversy in a case, or preparing a plat thereof, for the use of one of the parties is not a "disbursement" within the mean-. ing of section 553, Hill's Code.

Multnomah County: ERASMUS D. SHATTUCK, Judge.

Gottlieb Weiss and Karl Kuch brought an action against Emanuel Meyer, which involved the question of how much land was included within a given description, and in preparing his case the defendant employed a surveyor to examine and plat the ground. The plaintiffs having been nonsuited, the defendant filed his cost bill, and included therein an item of seventy-five dollars for the survey and plat. Some thirty days afterward the plaintiffs moved for permission to file objections to the cost bill, and filed an affidavit showing the sickness of their

---

*NOTE.— This decision accords with the general holding on the same point: *Ela* v. *Knox*, 46 N. H. 16 (88 Am. Dec. 179); *Hughes* v. *Providence R. R. Co.* 2 R. I. 494; *Caldwell* v. *Miller*, 46 Pa. St. 233; *Haynes* v. *Mosher*, 15 How. Pr. 216; *Mark* v. *City of Buffalo*, 87 N. Y. 185; *Miller* v. *Highland Ditch Co.* 27 Pac. Rep. 536. The same rule applies to the payment of expert accountants: *Faulkner* v. *Hendy*, 21 Pac. Rep. 754; *Miller* v. *Highland Ditch Co.* 27 Pac. Rep. 536; *Rathbone* v. *Neal*, 4 La. Ann. 563 (50 Am. Dec. 579); *McDonald* v. *Burke*, 2 Idaho, 995 (35 Am. St. Rep. 276; 28 Pac. Rep. 440.) — REPORTER.

attorney immediately after the trial.    The objections were heard, and the surveyor's fee disallowed.    Defendant appeals.    Affirmed.

*Milton W. Smith ( Walter S. Perry* on the brief), for Appellant.

No appearance or brief for Respondent.

PER CURIAM.—The questions arising on this appeal will be discussed in the order presented in appellant's brief: —

1.    Can the court relieve a party from a judgment entered against him for costs and disbursements, through his excusable neglect in not filing objections to the cost bill within the time prescribed by law?    It seems to us this question is answered in the affirmative by section 102 of Hill's Code, which provides that " the court may, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or such other act to be done after the time limited by this Code, or by an order enlarge such time;    *    *    *    and may, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect."

2.    Was there an abuse of discretion by the trial court in vacating the judgment entered against the plaintiffs for costs and disbursements, and allowing objections to be filed to the cost bill in this case?    We think not.    The affidavit in behalf of plaintiffs shows that the reason no objections to defendant's bill of costs and disbursements were filed within the time prescribed by law was on account of the illness of plaintiffs' counsel, and though the affidavit is not as full and complete as it should perhaps have been, yet we are unable to say that there was an abuse of discretion on the part of the trial court in allow-

ing the objections to be filed. The question was largely within the discretion of the trial court, and is reversible here only for an abuse of that discretion.

3. Was there error of the trial court in refusing to allow an item of seventy-five dollars, claimed to have been paid by the defendant to one A. J. Adams for surveying and making a plat of the land in controversy? We are clearly of the opinion that this item was no more necessary as a "disbursement," within the meaning of the statute (section 553), than clerical service in the preparation of the pleadings, or the board and expenses of himself or counsel while attending the trial, or any other expense incident to a trial, and for which. the law does not contemplate there shall be a charge against the adverse party.

The judgment of the court will therefore be AFFIRMED