## MINARD BENNETT v. GREAT NORTHERN RAILWAY COMPANY.[1]

June 30, 1911.

Nos. 17,166—(167).

**Injury to servant — interstate commerce — Wisconsin statutes — judgment notwithstanding verdict.**

Plaintiff was a fireman on a switch engine in the yards at the ore docks of defendant's railroad in the city of Superior, Wisconsin, and was injured by an ore train which was alleged to be without proper signal lights, and commenced an action for damages in the district court of Minnesota, and invoked the rule of comparative negligence by pleading the Wisconsin statute. Defendant answered that the injury occurred while it was engaged in interstate commerce, which fact was developed and proved at the trial. The trial court denied defendant's motion for a directed verdict, and submitted the case to the jury under the rule of the common law, and denied defendant's motion for judgment notwithstanding the verdict. *Held:*

1. It does not conclusively appear from the evidence that plaintiff was guilty of contributory negligence, nor that he assumed the risks connected with the work in which he was engaged.

2. The defendant was not entitled to judgment notwithstanding the verdict, conceding that the common law of Wisconsin was not applicable to the case.

3. The state court was not deprived of jurisdiction when it appeared at the trial that the injury occurred while the plaintiff was engaged in interstate commerce.

Action in the district court for St. Louis county to recover $25,-

1 Reported in 131 N. W. 1066.

000 for personal injuries. The complaint alleged that plaintiff, in the performance of his duties, while crossing the railroad track near the buildings maintained alongside of one of the tracks leading to the top of an ore dock, was injured by a string of ore cars pushed along said track, which carried no light on the leading car; that before starting to cross the track plaintiff looked both ways and listened to see if any train was coming and he could not see any in the dark and in the absence of lights; and he could not hear the approaching train because of the noise from other locomotives in the vicinity. The complaint pleaded the Wisconsin statutes mentioned in the opinion. The answer alleged that plaintiff was guilty of contributory negligence. The reply was a general denial. The case was tried before Cant, J., and a jury which returned a verdict in favor of plaintiff for $7,500. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Baldwin & Baldwin* and *Ernest C. Carman,* for appellant.

*Samuel A. Anderson* and *Warner E. Whipple,* for respondent.


Lewis, J.

Action commenced in St. Louis county to recover damages for injuries occurring in the state of Wisconsin. The complaint alleged that the defendant owned and operated a railway in the city of Superior, state of Wisconsin; that plaintiff was in the employ of the company as a fireman on a switch engine which operated in the yards; that it was the custom of the company to display lights from the first car when engaged in backing ore cars to its ore dock in the nighttime; and that it was negligent in failing to maintain lights on a certain ore train, by reason of which the plaintiff, while crossing the track, was struck down and injured. Chapter 254, p. 495, Laws Wis. 1907, and also chapter 448, p. 741, Laws Wis. 1903, were pleaded, known as the "Wisconsin employer's liability statute," under which recovery can be had only when the negligence of the master is greater than that of the injured party.

The defendant answered that it was organized under the laws of the state of Minnesota and engaged in operating railroads in Min-

115 M.—9.

nesota, Wisconsin, and other states, and that the car and train upon which plaintiff was alleged to have been injured was being operated by defendant in the due course of interstate transportation.

After plaintiff rested, defendant moved for dismissal on the ground that no negligence of defendant had been proven, that plaintiff was proven guilty of contributory negligence, that the evidence conclusively showed that the plaintiff was engaged in interstate commerce, that the Federal employer's liability act superseded the Wisconsin statute, and on the ground that the state court had no jurisdiction. The motion was denied, and at the close of the evidence defendant moved for a directed verdict upon the grounds above stated, with the additional ground that plaintiff had assumed the risk. The court ruled that the answer successfully pleaded that the injury occurred while the plaintiff was engaged in interstate commerce, that the evidence established that fact, that the Federal statute superseded the state statute, and that plaintiff could not recover under the state statute. The court also expressed the opinion that a verdict might be sustained under the common law, if the plaintiff chose to submit the case to the jury on that theory. Plaintiff consented, reserving exceptions to the ruling that he was not entitled to recover under the state or under the Federal statute. Defendant excepted, the case was submitted, and the court instructed the jury that it was the duty of defendant to exercise ordinary care in seeing that lights were displayed on the head ore car, and that failure so to do was the only negligence complained of. A verdict was returned for plaintiff, and the jury found specially that plaintiff's injuries were sustained by reason of the negligence of a fellow servant. Defendant moved for judgment notwithstanding the verdict, which was denied. Judgment was entered, and defendant appealed from the judgment.

Judgment notwithstanding the verdict can only be granted when it clearly appears that the cause of action sought to be established could not in point of substance constitute a legal cause of action, and will be denied when it appears probable that the party has a good cause of action, and that the defects in the evidence could be supplied on another trial. Cruikshank v. St. Paul F. & M. Ins. Co. 75 Minn. 266, 77 N. W. 958. In that case attention was called to

the history of the rule and its development by legislation and judicial construction, that originally the remedy was limited to the plaintiff and was based only on the pleadings and the record, and that by statute the remedy had been conferred on the defendant and was no longer limited to the pleadings and the record. If from all the facts developed at the trial it appears probable that the plaintiff has a cause of action, although technically not correctly pleaded, the motion cannot be granted.

The result of this appeal does not depend on whether the common law of Wisconsin was applicable to the case, nor upon plaintiff's right to recover under the statute pleaded. The state court did not lose jurisdiction, conceding that, as developed by the evidence, the plaintiff was injured while engaged in interstate commerce. If the application of the Federal statute became necessary, and in its application any question arose which involved the construction of that act, defendant had a remedy by causing the case to be reviewed to the Federal supreme court. Nelson v. Southern Ry. Co. (C. C.) 172 Fed. 478; Bradbury v. Chicago, 149 Iowa, 51, 128 N. W. 1.

The evidence was not conclusive that plaintiff assumed the risk or was guilty of contributory negligence, and there was evidence that defendant was negligent in failing to display the lights. Many of the questions urged by appellant might have been raised by a motion for a new trial, but could not be raised on this motion.

Affirmed.