# SIMON SALO v. DULUTH & IRON RANGE RAILROAD COMPANY.[1]

January 23, 1914.

Nos. 18,319—(207).

**Notice of appeal — non-appealable orders.**

1. The appeal is from the judgment and is not rendered ineffective by the reference in the notice of appeal to non-appealable orders, or to the items claimed to have been erroneously omitted from the judgment.

**Appeal from judgment for costs and disbursements.**

2. An appeal lies from a judgment involving only the costs and disbursements where these accrued before the cause of action was settled, were excluded from the settlement, and are not trifling in amount.

**Non-taxable disbursements.**

3. Expenses for serving subpoenas by a private person are not taxable disbursements.

**Same — transcript of testimony.**

4. Nor are amounts paid for transcript of testimony obtained for the use of the attorney during the progress of the trial.

**Same — maps and photographs.**

5. The expense for maps and photographs received in evidence is not necessarily an item of taxable disbursements. The trial court's determination that the map and photographs were not necessary disbursements is not shown to have been erroneous or an abuse of judgment or discretion in this case.

**Same — documentary evidence — proportionate share of cost.**

6. Where an attorney has secured a number of clients and brings separate actions against a defendant whose one act of negligence has injured each client, and the attorney procures documentary evidence which is to be used successively in the trial of each case, and the defendant makes a settlement, which includes disbursements, with all litigants save one, that one is not entitled to tax as costs for such documentary evidence more than his proportionate share of its cost unless he shows that he has actually paid or incurred more than such share. Plaintiff failed to make such showing.

[1] Reported in 145 N. W. 114.

From the taxation of costs and disbursements in favor of the plaintiff in the above entitled action, in the district court for St. Louis county, both parties appealed. The appeals were heard before Dancer, J., who affirmed the taxation of the clerk except as to two items. From that order, plaintiff appealed. Affirmed.

*J. W. Reynolds,* for appellant.
*Baldwin & Baldwin,* for respondent.

HOLT, J.

After many trials and vicissitudes the merits of this case have been settled and adjusted and only the taxable disbursements remain to furnish matter for litigation. It appears that in June, 1910, an attorney procured 37 clients, making identical contracts with each as to fees and disbursements. These clients were settlers near defendant's railway, who had been damaged by a fire claimed to have been set through its negligence. The attorney duly commenced an action for each of these 37 clients against defendant to recover for the injury. Only a few of these actions were tried. The loss to each plaintiff was occasioned by the one fire. The damages claimed were very large and no doubt justified careful preparation for trial. Three trials have been had in the district court, and twice the case has been here, one decision reported in 121 Minn. 78, 140 N. W. 188, and the other reported infra, page 526, 144 N. W. 1134, in respect to the attorney's right to the proceeds. In one of these trials defendant prevailed, and became entitled to costs to be offset against the amount which might be taxable in favor of plaintiff on the other two. This right of plaintiff to tax costs appears to have been given by the terms of settlement. The clerk taxed the costs and both parties appealed. On the appeal the clerk's taxation was affirmed, except as to two items amounting to $28.90 which were disallowed. Plaintiff appeals.

Defendant moves to dismiss because (a) the appeal is from orders and from a part of the judgment, and (b) no appeal lies from a judgment for costs only. The motion must be denied. It is true the orders referred to in the notice of appeal are not appealable, but on appeal from the judgment the errors sought to be corrected in the

orders may be reached. The notice is sufficient to bring the judgment here for review, at least as to all items therein specified which were rejected in toto. St. Paul Trust Co. v. Kittson, 84 Minn. 493, 87 N. W. 1012. We also deem it settled in this state that a judgment for costs alone is appealable (Harrington v. Town of Plainview, 27 Minn. 224, 6 N. W. 777), especially in a case where the settlement of the cause of action provided that costs should be taxed and allowed by the court. The case of Thomas v. Craig, 60 Minn. 501, 62 N. W. 1133, relied on by defendant to the effect that this court will not entertain an appeal to determine merely the right to a trifling amount of costs, cannot be considered decisive of a case where the disbursements claimed involve over $2,000.

On the merits of the appeal these questions arise: (a) May fees be taxed for serving subpoenas by a private person? (b) Is a stenographic transcript of the testimony for the use of the attorney during the trial a taxable disbursement? (c) Must the court permit disbursements to be taxed for photographs and maps received in evidence? (d) Was it proper for the court under the circumstances of this case to allow only 1-37 of the disbursement for documentary evidence obtained for use in all the cases?

Nothing may be taxed for serving a summons unless the service is made by sheriff. This rule fixed by statute (section 7730, G. S. 1913), prohibiting the allowance of compensation for service of summons when made by a private party, has been followed in respect to service of subpoena ever since the courts were established in the state, if we are correctly advised. We are not inclined to change this practice, for to do so will but add to the expense of litigation and lead to abuse.

The same applies to transcripts of testimony obtained by the attorney from the stenographic reporter or, for that matter, from a private stenographer, while the case is on trial. In important cases attorneys frequently thus obtain a transcript of the evidence during the trial. Its use and value in cross-examination, in knowing exactly what to rebut and in the final argument to court or jury, is well understood. But, unless by agreement between attorneys, the cost of such transcripts have not been considered taxable disbursements

against the defeated party. If we rule as plaintiff desires on this point, we may look for a transcript to tax in almost every case tried. Wisconsin S. F. Co. v. D. K. Jeffris Lumber Co., 132 Wis. 1, 111 N. W. 237.

Plaintiff attempted to tax $50 for photographs and $1,500 for a map of the burned district offered and received in evidence at the trial. Complaint is made because these items were wholly rejected by the court. Appellant contends that, because these were received in evidence, it follows that the cost thereof to him must be allowed under the statute. It is the province of the trial court to determine whether these were disbursements "necessarily paid or incurred." Section 7976, G. S. 1913. To a large extent this involves an exercise of discretion and judgment. No abuse is shown, nor is this record such that we can say that the court's finding that these were not necessary disbursements is not sustained. The affidavit of respondent's attorney makes it clear that the matters which the map and photographs tended to prove might as well have been proven by oral testimony. No doubt the photographs and map were convenient, but it does not follow that they were necessary. Thompson v. Germania Life Ins. Co. 97 Minn. 89, 106 N. W. 102; Hoyt v. Jones, 31 Wis. 389; Mark v. City of Buffalo, 87 N. Y. 184; Miller v. Highland Ditch Co. 91 Cal. 103, 27 Pac. 536; Bathgate v. Irvine, 126 Cal. 135, 58 Pac. 442, 77 Am. St. 158; Weiss v. Meyer, 24 Ore. 108, 32 Pac. 1025.

Another objection is urged to the judgment that, while the court allowed plaintiff to tax for certified copies of reports of the state fire warden, only 1-37 of the amount paid was permitted in the judgment. We think the court was right. The affidavit of respondent's attorney makes it plain that these reports were procured for the trial of the 37 cases mentioned, that all the other cases had been settled and in the settlement thereof the disbursements of the several plaintiffs were adjusted and paid by defendant. This leaves defendant liable to this appellant only for the proportionate share he has incurred. There is no showing that he has paid or incurred more than his share. The case of Jermain v. Lake Shore & M. S. R. Co. 31 Hun, 558, seems applicable.

We do not think the point that defendant's appeal from the clerk's taxation of costs was ineffective because taken a day too late, under the rules of the district court, is well taken or merits discussion.

Judgment affirmed.