## AUGUST VELIN v. LAUER BROTHERS.[1]

December 18, 1914.

Nos. 18,896—(148).

**Negligence — contributory negligence.**

1. Evidence considered and *held* not to conclusively show that defendant was not negligent, or that plaintiff's intestate was guilty of contributory negligence or assumed the risk.

**Jurisdiction of district court after appeal taken.**

2. An appeal from a nonappealable order and a *supersedeas* bond given thereon do not deprive the district court of jurisdiction to proceed further in the case.

Action in the district court for Ramsey county by the administrator of the estate of Andrew Marz, deceased, to recover $7,500 for the death of his intestate. The case was tried before Brill, J., and a jury which returned a verdict in favor of plaintiff for $2,000. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

[1] Reported in 150 N. W. 169.

*Trafford N. Jayne,* for appellant.
*Wondra & Helm* and *C. D. O'Brien,* for respondent.

BUNN, J.

This action was to recover damages sustained by the death of plaintiff's intestate, alleged to have been caused by the negligence of defendant. Plaintiff had a verdict for $2,000. Defendant moved for judgment *non obstante,* which motion was denied. Judgment was entered upon the verdict and defendant appealed therefrom to this court.

The questions are the usual ones of negligence, contributory negligence, assumption of risk. This being an appeal from the judgment, with no motion for a new trial, we have only to inquire whether there was evidence which justified submitting the case to the jury. The rules which govern our consideration of the evidence under these circumstances are well understood. Cruikshank v. St. Paul F. & M. Ins. Co. 75 Minn. 266, 77 N. W. 958; Bennett v. Great Northern Ry. Co. 115 Minn. 128, 131 N. W. 1066.

There was evidence showing or tending to show the following facts:

On September 2, 1913, defendant was engaged in demolishing a two-story brick building situated on Minnesota street, between Sixth and Seventh streets, in St. Paul. Plaintiff's intestate during the forenoon of that day applied for work to the foreman in charge, and at one o'clock was put to work on the roof, helping remove brick which held the cornice in place. The cornice was of galvanized iron and extended along the front of the building; it was 46 feet long and two feet six inches high, the top extending a foot or so over the sidewalk. The bottom of the cornice set a foot into the wall, and was backed up with brick two feet and a half high. A 12-inch flashing was soldered to the cornice, carried over the top of the brick wall behind, and fastened under the brick. Four men, including Marz, plaintiff's intestate, were employed in removing the brick under the supervision of defendant's foreman, who instructed the men to dig a hole in the brick at each end and in

the center.    Ropes were to be passed through these holes, brought: up over the top of the cornice, tied around it and then carried back towards the rear of the building and fastened.    This was to prevent: the cornice from falling when the brick backing should be removed. The foreman himself in the presence of his men put the rope through the hole in the center, reached over the cornice with a pick, caught,. pulled up and fastened the rope.    An employee other than Marz. performed the same operation at the south end of the cornice.    The· brick was all removed except at the north end, where Marz was. engaged in removing it.    Another employee dug the hole to get· the rope through, but instead of passing the rope through the hole,. threw the end over the cornice and planned to catch it with a wire through the hole.    Marz was watching the operation, and told his fellow employee to pass the rope through the hole, and catch it: by reaching over the cornice with his pick, as he had seen done· at the center and the other end.    The rope was then passed through the hole, Marz took the pick and reached over to catch the rope and tie it.    The brick loosened with his weight, and the cornice bent down, causing Marz to lose his balance and fall to the street. below.    He was instantly killed.

The negligence relied upon consisted in the failure of defendant. to warn plaintiff of the danger of the cornice falling.    There is. no doubt that no such warning was given.    The contention is that the danger was obvious, and therefore that the warning was not required.    But we do not think that this conclusively appears.. Marz, though a man of mature years, was new on the job, and, as far as defendant knew, and in fact, was without experience at this. kind of work.    He should not be charged as a matter of law with knowledge that the cornice might bend or give way while he was. doing the work as he had been instructed to do it.    We hold that it. was a question for the jury whether defendant, in failing to warn plaintiff's intestate of the danger, was guilty of a breach of its duty· to a servant.

Contributory negligence does not conclusively appear.    Marz had: seen the foreman do the same thing with the rope at the center, and. another employee do it at the south end.    He had heard the fore--

man's instructions, and was justified in obeying them. The evidence does not show, as claimed by defendant, that Marz had not been told to do this work, or that he was a mere volunteer. The cornice was held in place by the ropes at the center and south end, and the brick was not yet removed from the north end. We cannot say that Marz was not justified in supposing that it would not give way when he reached over with the pick. Defendant's claim that the cornice did not bend down or give way, but that Marz slipped and so lost his balance, is not established by the evidence.

What has been said on the point of contributory negligence is equally pertinent on the question of the assumption of the risks. It does not conclusively appear that Marz knew or ought to have known the danger. The question was for the jury.

Applying the familiar rule of the Cruikshank case, we hold that the motion for judgment notwithstanding the verdict was properly denied.

Defendant appealed from the order denying the motion for judgment, giving a *supersedeas* bond which was approved by the trial judge. Plaintiff ignored this appeal, taxed costs, and had judgment entered on the verdict. Thereafter the appeal from the order was dismissed, and the present appeal from the judgment taken. Defendant claims that the judgment should be reversed because it was "prematurely" entered, while the appeal from the order was pending and the *supersedeas* bond in force. The order was plainly not appealable, and we do not think the attempted appeal and bond deprived the district court of jurisdiction. In any event we would not reverse this judgment simply for the purpose of having the same judgment entered again.

Plaintiff's contention that the settled case brought here on the appeal which was dismissed is not here on the present appeal is without merit.

Judgment affirmed.