## JOHN SHTERK v. W. P. VEITCH.[1]

January 12, 1917.

Nos. 20,143—(133).

**Taxable disbursements — survey and estimate of timber.**

> Plaintiff, in preparing for the trial of an action involving the location of the correct line between his land and that of defendant, paid civil engineers for a survey of his land, and a timber cruiser for an estimate of the timber cut and taken from his land by defendant. It is *held* that the sums so paid are not taxable as disbursements against defendant.

Action in the district court for St. Louis county under G. S. 1913, § 8090, to recover $795.36 as treble damages for timber unlawfully cut from plaintiff's land. Defendant's appeal from the taxation of costs and disbursements was heard by Hughes, J., and affirmed. From the judg-

[1] Reported in 160 N. W. 863.

ment entered pursuant to the order for judgment, defendant appealed. Modified.

*M. H. McMahon* and *J. H. Peregrine,* for appellant.

*James J. Giblin,* for respondent.

BUNN, J.

Defendant appeals from that part of the judgment against him which allows plaintiff to recover as disbursements an item of $70 paid to civil engineers for a survey of his land, and an item of $15 paid to a cruiser for estimating timber alleged to have been taken therefrom by defendant. The only questions involved are as to whether the respective items were properly taxed as necessary disbursements in the action.

Plaintiff owned an 80-acre tract in St. Louis county and defendant had the right to cut and remove timber from the adjoining 80. There was a dispute between them as to the dividing line, and the action was brought to recover damages for trees and timber cut and carried away by defendant from the strip in dispute. The issue was as to where the correct dividing line was. Plaintiff had a verdict for $130.70. In his bill of costs plaintiff set out the two items and in his affidavit of disbursements stated that in preparing for the trial of the action it became necessary for him to procure a survey of his 80 "in order to ascertain how much of said land was trespassed upon by the defendant," and that to that end he employed civil engineers to make the survey; that it became necessary for him to employ a timber estimator to ascertain how much timber had been taken by defendant, that he employed such estimator, and that the sums paid for the survey and for the services of the estimator were just and reasonable. Defendant objected to the taxation of the two items, on the ground that neither was "properly or legally taxable as a part of the costs and disbursements," and on the further ground, not involved on this appeal, that the items were excessive in amount. The clerk taxed the items as proper disbursements, and on appeal the court affirmed the action of the clerk. Judgment was entered and this appeal taken.

The trial court proceeded on the theory that as it was necessary for plaintiff, in the preparation of his case for trial, to have a survey made by a competent engineer, and, as plaintiff actually paid out the amount charged, he ought to be entitled to recover the same as a necessary dis-

bursement in the action. On the same reasoning the taxation of the amount paid for estimating the timber was upheld.

The statute (G. S. 1913, § 7976), provides that "in every action in the district court the prevailing party shall be allowed his disbursements necessarily paid or incurred." This is broad language, and, construed liberally, would include every expense of the prevailing party in the trial and in preparing for trial, amounts paid by a party in hunting testimony, traveling expenses of himself and his attorneys, amounts paid experts in another profession for assistance in preparation or help in trying the case, even attorney's fees. All such disbursements and many more that might be mentioned are in a broad sense necessarily paid or incurred in many cases tried in the courts. But it has never been suggested that such expenses could be taxed against the defeated party. In the instant case we cannot say that the disbursements were not "necessarily paid" in the preparation of plaintiff for trial, as it would involve holding that the finding of the trial court that they were is not sustained by the evidence—manifestly an unsound conclusion. But it seems to us that we ought to say that such disbursements as these are not taxable, that the statute should not be contrued to cover them. We have suggested the chief reason for this conclusion, the impossibility of drawing the line, and it is needless to call attention to the abuses that would likely result from holding such disbursements taxable. Strangely enough there is a lack of controlling authority in this state. In Thompson v. Germania Life Ins. Co. 97 Minn. 89, 106 N. W. 102, the trial court disallowed the cost of a survey and plats of the premises on the ground that they were not necessary, and we affirmed the decision. In Salo v. Duluth & I. R. R. Co. 124 Minn. 361, 145 N. W. 114, we sustained the trial court in rejecting disbursements for certain photographs and a map. Both of these decisions proceed on the theory that the finding of no necessity is sustained by the evidence, and they are not in point, except that they in some degree indicate the reluctance of this court to extend the commonly accepted idea of what are taxable disbursements under the statute. The authorities elsewhere are pretty well in accord with the view we have expressed, and the decisions were all rendered under statutes not materially different from ours. Hughes v. Providence & W. R. Co. 2 R. I. 493; Caldwell v. Miller, 46 Pa. St. 233; Bauer Cooperage Co. v. Elwell, 149 Ky. 838, 149

S. W. 1137; Miller v. Highland Ditch Co. 91 Cal. 103, 27 Pac. 536; Bathgate v. Irvine, 126 Cal. 135, 58 Pac. 442, 77 Am. St. 158; Weiss v. Meyer, 24 Ore. 108, 32 Pac. 1025; New Hampshire Land Co. v. Tilton (C. C.) 29 Fed. 764; Mark v. City of Buffalo, 87 N. Y. 184; Tuck v. Olds (C. C.), 29 Fed. 883. In Bauer Cooperage Co. v. Elwell, supra, appellant employed an engineer to make a survey for use in the case. The court said: "Although appellant found it necessary to employ Baker, it was only such an expense as every litigant must stand in the preparation of his side of a difficult case. Baker was not appointed by the court to make the survey; on the contrary his employment was with the appellant alone and it must pay for it." This language fits the case at bar, as does that of the Oregon court in Weiss v. Meyer, supra, where an attempt to tax a similar item was made: "This item was no more necessary as a 'disbursement,' within the meaning of the statute (section 553), than clerical service in the preparation of the pleadings, or the board and expenses of himself or counsel while attending the trial, or any other expense incident to a trial and for which the law does not contemplate there shall be a charge against the adverse party."

The case of Wentworth v. Griggs, 24 Minn. 450, relied on by plaintiff, lends support to his claim. The disbursement allowed in that case was for three copies of chattel mortgages procured by defendants for use in the defense. The case, it seems to us, should not control this. The expense of procuring necessary documentary evidence, such as certified copies of papers or records in a public office, is taxable as a general rule. 1 Dunnell, Minn. Dig. § 2219. This rule ought not to be extended. Plaintiff also cites the recent Oregon case of Morgan v. Cieloha, 74 Ore. 468, 145 Pac. 1063. The case is not in point, as the surveyor was called in by the court to assist it. The case of Bogardus v. Hill, 18 B. C. 358, cited by plaintiff, is not persuasive.

The point made by plaintiff that the objections of defendant were insufficient to raise the question of the legality of taxing the disbursements is not well taken.

The judgment is modified by striking from the costs allowed the items of disbursements in question.