[No. 13846. Department Two. April 3, 1917.]

A. PERLUS, *as Vashon Poultry Ranch, Appellant*, v. MARKET

INVESTMENT COMPANY, *Respondent*.[1]

APPEAL—REVIEW—HARMLESS ERROR—PLEADINGS. Error cannot be predicated upon striking portions of the complaint in the absence of a showing of material prejudice.

PLEADING—REPLY—DEPARTURE—LANDLORD AND TENANT. A reply constitutes a departure from the complaint and authorizes judgment on the pleadings, where the complaint was for damages for a lessor's breach of a lease in failing to make alterations and for the return of rent paid, and upon denial and counterclaim for rent, the reply alleged a settlement and an abrogation of the lease by reducing the rent and later giving rent free until the lessor complied with the terms of the lease.

PLEADING—AMENDMENT—DISCRETION. It is not an abuse of discretion to refuse leave to file an amended reply where the complaint had been amended three times and the reply was so inconsistent that one or the other could not be true.

SET-OFF AND COUNTERCLAIM—WAIVER—JUDGMENT ON PLEADINGS. In an action against a lessor for breach of a lease, defendant cannot assert a counterclaim for rent, after moving for judgment on the pleadings on the ground that plaintiff's reply, setting up a settlement and abrogation of the lease, constituted a departure in the pleadings.

COSTS—DISBURSEMENTS. The cost of preparing copies of ordinances is not a taxable item, where the ordinances were not in issue in the pleadings or introduced in evidence.

SAME. The cost of preparing a plat to be used at the trial is not a taxable item.

Cross-appeals from a judgment of the superior court for King county, Mackintosh, J., entered June 29, 1916, upon the pleadings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

*Geo. B. Cole* and *John Wesley Dolby*, for appellant.

*Shepard, Burkheimer & Burkheimer*, for respondent.

HOLCOMB, J.—The third amended complaint in this case alleges, in substance, that appellant was engaged in selling

[1]Reported in 164 Pac. 65.

poultry, game, feed, etc., in stalls No. 1520-1522, pursuant to the terms of a written lease entered into on February 13, 1913, between respondent as lessor and appellant as lessee; that, while such lease was in full force and effect, respondent, in order to induce appellant to cancel the same and enter into a lease for stalls E, F and G, which were distant some 150 feet northwesterly of where appellant was then located, and as a part of the consideration therefor, orally promised and agreed that, if appellant would surrender stalls 1520-1522 and enter into a new lease for stalls E, F and G, respondent would fill out the floor space between these two sets of stalls by farmers with their produce for sale, and that there would be a passage way from Pine street in such farmers' sections and stalls in close proximity to stalls E, F and G; that appellant, relying on these promises, did cancel his former lease and enter into a new lease for stalls E, F and G, beginning on September 1, 1913, and moved his business thereto; that respondent failed to keep his promise and fill the intervening stalls, to appellant's damage in the sum of $5,000. The second cause of action sets forth a claim for $259 on account of expenditures made by appellant in improving and equipping the stalls covered by the written lease, and the third cause of action alleges the payment of $255 by appellant in accordance with the terms of the lease, for which amount a recovery is claimed.

Respondent answered by admitting the execution of the lease and denying the other material allegations of the complaint; and by way of counterclaim, alleged that appellant had been in possession of the leased premises for a period of thirty-three months; that, by the terms of the lease, the rent for this period was the sum of $2,805; that appellant had paid thereon only $205, leaving a balance due respondent of $2,600, for which amount, with interest, respondent asked judgment against appellant.

In reply to this counterclaim, it was alleged that the lease was abrogated by the contracting parties, and respondent

agreed to charge appellant $20 per month as rent until respondent should comply with its agreement to fill the intervening stalls; and that, after appellant had paid rent for such stalls as above referred to, and respondent had still failed to fulfill its agreement, it was then agreed that no rent at all should be charged appellant until such fulfillment had taken place.

After one witness had been sworn at the hearing of this cause, respondent moved for judgment on the pleadings for several reasons, among others, that the reply was inconsistent with, and constituted a departure from, the complaint. Appellant was refused leave to amend the reply, and a judgment on the pleadings was entered in respondent's favor, although it was not allowed to prove its counterclaim, as the trial court was of the opinion that it had been waived. Both parties have appealed.

It is asserted by appellant that the lower court erred in striking out several portions of the complaint, but from an examination of such stricken parts, we are of the opinion that they were immaterial; and in any event, there is no showing that appellant was in any manner materially prejudiced thereby.

Appellant strenuously urges that the reply is not a departure from, or inconsistent with, the complaint, and that it was error to grant a judgment on the pleadings for this reason. An examination of the pleadings discloses that the complaint is based on the breach of an alleged oral agreement entered into between the parties prior to or contemporaneous with, and became a part of the consideration of, the lease of September, 1913. As alleged in the complaint, the validity and existence of the lease is the basis of the action, for assuredly it must fail if no lease in fact exists. The reply alleges the abrogation of this lease, a subsequent agreement which reduced the rent from $85 a month to $20 a month, and a still later agreement by the terms of which appellant was to pay no rent at all until respondent's oral

agreement was fulfilled. It is appellant's position that the cross-complaint of respondent was a separate and distinct action by respondent against appellant, and that the reply dealt solely with a defense to the counterclaim; that the designation of their last pleading as a reply was in reality a misnomer, and that it should have been designated as an answer to the cross-complaint. There is no contention that the affirmative relief asked for in respondent's answer was not a proper counterclaim as provided by statute, and so was not a separate cause of action, for it simply asked for the rent as provided for in the terms of the lease pleaded in the complaint. In any event, in one breath appellant swears that there was a lease in full force and effect and an oral agreement which was part of the consideration of the lease, for the breach of which he attempts to collect damages, and in the next breath swears that the lease did not exist, but a settlement was made by which he was to occupy the premises for nothing till respondent's promises were fulfilled. It is so obvious that these statements are inconsistent that it needs no further discussion. The lease either did or did not exist; and if the sworn statements made in the reply are taken as true, the lease was abrogated and there could be no cause of action as alleged in the complaint. The reply, being absolutely inconsistent with the allegations of the complaint, constitutes a departure.

We also deem this reply a departure from the third cause of action, which demands the return of the $255 paid on the lease, for as shown by the reply, a complete settlement was made at the time the subsequent agreements were made, and as nothing was said therein about the sum, it is to be presumed that it was to be retained by respondent as part of the settlement.

Nor are we inclined to hold erroneous the refusal of the trial court to allow appellant to amend its reply, as this was the third amended complaint. The allegations of the reply and complaint are so inconsistent that one or the other cannot

be true, and judging from the colloquy between the court and counsel for appellant, there is considerable ground for belief that the allegations of the reply are the truth. Whether an amendment should be allowed is in the discretion of the trial court, and when these facts are taken into consideration, we are not prepared to say that this discretion has been abused, as there must be some time when the issues are to be settled.

This conclusion also disposes of respondent's cross-appeal, for if appellant is unable to prevail because respondent insists that the averment in the reply—that the written lease was abrogated—constituted a departure, it is apparent that respondent could not press a claim which is based on such written lease and is an attempt to collect the monthly rentals provided for therein. If, in considering appellant's claim, the lease is held to be abrogated, it must also be held cancelled when considering respondent's claim, and respondent undoubtedly so understood when it moved for judgment upon the pleadings.

Finally, it is urged that the trial court erred in refusing to strike from respondent's cost bill the last two items of $7 and $1.20, respectively, for preparing "plats to be used in trial" and certified copy of city ordinances, since there was no evidence taken at the trial, the person who made the plats is unknown, the plats and ordinances were never filed, and the question of plats and ordinances is not raised by the pleadings. Obviously the cost of preparing the certified copy of the city ordinances would not be a taxable item, unless the same were at issue under the pleadings so that they might be introduced in evidence. As no ordinances were pleaded, either verbatim or by their title and date of passage, they could not have been introduced; so this item should be stricken. In regard to the other item, it is not necessary to discuss what effect the introduction of no evidence in the case including the plats has on the question of whether it is a proper item of costs, as the weight of authority seems to be that the cost of preparing plats is not a taxable item of costs in the first

instance, and for this reason, it also should have been stricken from the cost bill. *Weiss v. Meyer*, 24 Ore. 108, 32 Pac. 1025; *Bathgate v. Irvine*, 126 Cal. 135, 58 Pac. 442, 77 Am. St. 158; *Ela v. Knox*, 46 N. H. 16, 88 Am. Dec. 179.

The judgment is affirmed with the above costs stricken. Since appellant has recovered a more favorable judgment, neither party shall recover costs on appeal.

ELLIS, C. J., MOUNT, and PARKER, JJ., concur.

FULLERTON, J., concurs in the result.