## GOTTLIEB MARTIN v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

### July 20, 1917.

### Nos. 20,389—(188).

**Appeal and error — review — motion for judgment non obstante.**

1. As defendant asks for judgment notwithstanding the verdict without asking for a new trial, the only question presented is whether the record shows that plaintiff is not entitled to recover.

**Negligence — contributory negligence — questions for jury.**

2. The evidence made a question for the jury as to whether defendant's negligence was the proximate cause of the injury and as to whether plaintiff was chargeable with contributory negligence.

**Costs — taxation of disbursements.**

3. The expense for making a plat and for taking X-ray photographs cannot be included in the taxation of costs and disbursements against the losing party.

Action in the district court for Sibley county to recover $10,052, for injuries to person and property caused by negligence in operating de-

[1] Reported in 163 N. W. 983.

fendant's train. The answer alleged that plaintiff knew of the conditions at the crossing where the accident occurred and that he assumed the dangers and risks incident to the happening of the accident. The case was tried before Morrison, J., who when plaintiff rested denied defendant's motion to dismiss the action, and at the close of the testimony defendant's motion for a directed verdict, and a jury which returned a verdict for $1,400. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Modified.

F. M. Miner and W. C. Odell, for appellant.

T. Otto Streissguth and Mead & Bryngelson, for respondent.

TAYLOR, C.

This is a railroad crossing case. After a verdict for plaintiff, defendant moved for judgment notwithstanding the verdict, but did not ask for a new trial. The motion was denied, judgment entered upon the verdict, and defendant appealed.

As defendant does not seek a new trial but rests its case upon the claim that it is entitled to judgment notwithstanding the verdict, the only question presented is whether it appears from the record that plaintiff is not entitled to recover. Bennett v. Great Northern Ry. Co. 115 Minn. 128, 131 N. W. 1066, 37 L.R.A.(N.S.) 521; Velin v. Lauer Brothers, 128 Minn. 10, 150 N. W. 169; Prigge v. Selz, Schwab & Co. 134 Minn. 245, 158 N. W. 975.

That defendant failed to give warning of the approach of the train by blowing the whistle or ringing the bell is not disputed, but defendant contends that this negligence was not the proximate cause of the accident for the reason that plaintiff's team became frightened, escaped from his control and ran upon the track in front of the train. The accident happened on November 11, 1915, just as it began to grow light in the morning. In a heavy wind and sleet storm, plaintiff, driving a span of horses hitched to a top buggy with closed curtains, approached the crossing from the north. There is an industrial track 37.7 feet north of the main track. From the highway westward there are buildings along this track which obstruct the view toward the west. Plaintiff was entirely familiar with the crossing. As he approached it, he leaned forward beyond the

curtains of his buggy, looked and listened for a train, and brought his team to a walk. He did not see or hear a train, but, as he passed the corner of the building upon the industrial track, the glare from the headlight of a locomotive fell upon his horses, one of which was nearly blind. This horse, apparently frightened by the sudden light, made a jump, which jerked one of the lines out of plaintiff's hands, and ran across the track in front of the locomotive. The horses cleared the track, but the buggy was struck and plaintiff injured. We think that the evidence made a question for the jury as to whether the failure to give the usual warnings of the approach of the train was the proximate cause of the injury, and also as to whether the plaintiff was chargeable with contributory negligence.

In preparation for the trial, plaintiff had a surveyor make a survey and plat of the locus in quo, and also had a physician make an examination and take X-ray photographs for the purpose of showing the nature and extent of his injuries. The expense incurred for these purposes was allowed by the court, taxed against defendant as a part of the disbursements and included in the judgment. The losing party is not liable for such expenditures. Shterk v. Veitch, 135 Minn. 349, 160 N. W. 863. The court will modify the judgment by eliminating therefrom the amount allowed for these items, and as so modified it will stand affirmed.