# EDWARD H. DUNN v. GREAT NORTHERN RAILWAY COMPANY.[1]

## December 6, 1918.

## No. 21,119.

**Appeal and error — appeal from judgment — review of evidence.**

1. When a motion for judgment notwithstanding the verdict is denied, and there is no motion for a new trial, the only question upon an appeal from the judgment is whether there is competent evidence to support the verdict.

**Master and servant — evidence of negligence.**

2. The evidence sustains a finding of the jury that a motor car on which the plaintiff, an employee of the defendant, was riding on the tracks of the defendant was driven at a negligent rate of speed and thereby his injury was caused.

**Same — assumption of risk.**

3. The plaintiff did not as a matter of law assume the risk of the negligent driving.

**Contributory negligence — comparative negligence.**

4. The accident occurred in South Dakota where the doctrine of comparative negligence obtains. Contributory negligence on the part of the plaintiff did not bar a recovery.

Action in the district court for Wright county to recover $8,500 for injuries received while in defendant's employ. The answer alleged negligence on the part of plaintiff and that he knew and appreciated the risks of his employment. The case was tried before Fish, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $1,100. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*M. L. Countryman* and *Cobb, Wheelwright & Dille,* for appellant.

*F. E. Latham* and *C. A. Pidgeon,* for respondent.

[1]Reported in 169 N. W. 602.

DIBELL, J.

Action for personal injuries. There was a verdict for the plaintiff. Defendant's motion for judgment notwithstanding the verdict was denied and judgment entered for the plaintiff. The defendant appeals from the judgment.

1. There being no motion for a new trial, and only for judgment notwithstanding the verdict, the only question is whether there is competent evidence to support the verdict. Prigge v. Selz, Schwab & Co. 134 Minn. 245, 158 N. W. 975, and cases cited; Martin v. Minneapolis & St. L. R. Co. 138 Minn. 40, 163 N. W. 983, and cases cited; Hoggarth v. Minneapolis & St. L. R. Co. 138 Minn. 472, 164 N. W. 658.

2. The plaintiff was in the employ of the defendant in a bridge crew. He was riding on the tracks of the defendant with some of his fellow workmen on a gasolene motor car driven by the foreman. This car was about five feet wide and six or seven feet long. It was about the size of the ordinary hand-car but the wheels were larger and it was somewhat more heavily built. Planks extended lengthwise of the car on either side over the wheels, and on these planks the men sat with their feet dangling over the sides of the car. The car was being driven 30 miles an hour. The day was windy and cold. In endeavoring to put on his mackinaw the plaintiff fell or was thrown from the car and was injured. These facts made it a question for the jury whether defendant was negligent in operating the car at so great a speed and whether such negligence caused the injury.

3. The plaintiff assumed the ordinary risks necessarily attendant upon riding on such a car and all other appreciated risks. He did not as a matter of law assume the risk attendant upon riding on the car driven at it was at the time under the conditions obtaining; nor was the risk as a matter of law one of his own making.

4. The plaintiff may have been contributorily negligent. The accident occurred in South Dakota. In South Dakota the doctrine of comparative negligence is adopted by statute. Contributory negligence did not bar a recovery although it reduced the amount of it.

Judgment affirmed.