# ALLEN T. MILLER v. COMMISSIONER OF TAXATION.[1]

April 9, 1954.

No. 36,212.

*J. A. A. Burnquist,* Attorney General, and *Joseph J. Bright* and *Joseph S. Abdnor,* Assistant Attorneys General, for relator.

*Oppenheimer, Hodgson, Brown, Baer & Wolff,* for respondent.

DELL, CHIEF JUSTICE.

Certiorari, pursuant to M. S. A. 271.10, to review an order of the board of tax appeals of the state of Minnesota allowing respondent's costs and disbursements in the sum of $878.68.

The original proceedings before the board of tax appeals were reviewed by this court and a decision rendered in Miller v. Com-

---

[1]Reported in 64 N. W. (2d) 1.

missioner of Taxation, 240 Minn. 18, 59 N. W. (2d) 925. The respondent, who prevailed on that appeal, thereafter served upon relator his bill of costs and disbursements, and notice of taxation thereof, arising from the trial of the proceedings before the board. Relator objects to the order of the board in allowing and taxing three of the items of costs and disbursements, to-wit: Photostats, $103.01; cost of the transcript of testimony of hearing taken before the board, $228.30; and travel expense of the Rev. Paul Keegan from New Jersey to Florida and return, $225.

The photostat item was objected to upon the ground that it was neither necessarily paid nor incurred by respondent and further that its allowance was unauthorized by law. Since the jurisdiction of this court was invoked, respondent has conceded that the amount of this item, as allowed by the board of tax appeals, was erroneous, and the parties have now agreed that the correct amount which should have been allowed and taxed is $4.25. The order of the board covering photostats must, therefore, be modified to conform with this agreement.

■ The board requested that written briefs be filed by counsel prior to the oral arguments. A great deal of evidence had been introduced and there were several adjournments during the trial. Respondent contends that without a transcript of the testimony counsel could not properly prepare briefs nor could the board attempt to decide the case without one; that, therefore, the question of the allowance of the cost of the transcript should be viewed in an entirely different light than where counsel voluntarily secures such a transcript for his own use.

The taxation of costs in favor of the prevailing party is a right created by statute. Section 271.19 provides that upon the determination of any appeal before the board of tax appeals the costs and disbursements may be taxed and allowed in favor of the prevailing party and against the losing party *as in civil actions*. Section 549.04, which relates to the allowance of disbursements in the district courts, provides:

"In every action in a district court, the prevailing party shall be allowed his disbursements necessarily paid or incurred. * * *"

Under this statute the law is well settled that, where in the trial of a case a transcript is procured for use upon the trial, its cost cannot be taxed or allowed against the losing party. In the case of Salo v. Duluth & I. R. R. Co. 124 Minn. 361, 363, 145 N. W. 114, 115, we stated:

"* * * In important cases attorneys frequently thus obtain a transcript of the evidence during the trial. Its use and value in cross-examination, in knowing exactly what to rebut and in the final argument to court or jury, is well understood. But, unless by agreement between attorneys, the cost of such transcripts have not been considered taxable disbursements against the defeated party. If we rule as plaintiff desires on this point, we may look for a transcript to tax in almost every case tried. Wisconsin S. F. Co. v. D. K. Jeffris Lumber Co., 132 Wis. 1, 111 N. W. 237."

See, also, Shterk v. Veitch, 135 Minn. 349, 160 N. W. 863.

What we said in the Salo case applies with equal force to trials before the board of tax appeals. If proceedings before the board are to continue to provide a relatively speedy and inexpensive medium for the determination of tax controversies caution must be exercised in the allowance of costs and disbursements against the losing party. Should the board consider it necessary in any proceeding before it to have a transcript as an aid in reaching a decision, it is authorized to procure one through its own personnel under the provisions of § 271.02. It was error to tax the cost of this transcript against the relator.

■ Depositions of certain witnesses for both relator and respondent were taken in Florida. At the time these depositions were taken the Rev. Paul Keegan, one of respondent's witnesses, who had previously resided in Florida, was a resident of New Jersey. Respondent arranged for his attendance in Florida so that his deposition might be taken there at the same time that depositions were secured from other witnesses. Relator contends that the board erred in allowing the costs incurred in bringing the witness to Florida and

in providing for his return to New Jersey. Section 271.19, which authorizes the board of tax appeals to tax costs and disbursements in favor of the prevailing party and against the losing party, provides:

"* * * Witnesses in proceedings under this chapter shall receive like fees as in the district court, * * *."

The payment of witness fees in district court is regulated by statute. Section 357.22 authorizes the payment of the sum of one dollar per day to a witness for each day's attendance and provides for travel expense as follows:

"(2) For travel in going to and returning from the place of attendance, to be estimated from his residence, if within the state, or from the boundary line of the state where he crossed the same, if without the state, six cents per mile."

This statute clearly does not authorize the payment of travel expense to a nonresident witness for travel outside the boundaries of the state of Minnesota. Nor can it be said that § 549.04 extends over the area which this statute specifically excludes. The board erred in the allowance of $225 on account of the witness, the Rev. Paul Keegan.

Order modified to comply with this opinion.