Richard A. MADER and Ena F. Mader, Appellants (Defendants below),

v.

Gladys STEPHENSON, Appellee (Plaintiff below).

No. 3855.

Supreme Court of Wyoming.

March 4, 1971.

Lawrence A. Yonkee, of Redle, Yonkee & Arney, Sheridan, for appellants.

David B. Kennedy, of Burgess, Kennedy & Davis, Sheridan, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN and GRAY, JJ.

Chief Justice McINTYRE delivered the opinion of the court.

This case involves an easement by prescription claimed by Gladys Stephenson over lands belonging to Richard A. Mader and Ena F. Mader.

Prior to trial the judge ordered plaintiff to obtain a survey of the course of the easement claimed. The cost of the survey was $4,319.60. After trial to the court without a jury, judgment was entered for plaintiff declaring that she had an easement by prescription over the lands of the defendants. Costs were assessed half to plaintiff and half to defendants, and the costs of the survey were included by the court as part of such costs.

Mr. and Mrs. Mader (defendants) have appealed claiming (1) insufficient evidence to prove continuous use over a uniform route for the prescriptive period; and (2) error in charging half of the cost of the survey against defendants.

Appellants are claiming the evidence at best shows only that plaintiffs crossed the pasture lands of defendants over various courses; that the travel was not at regular intervals; and was not sufficiently continuous or uniform as to route to establish a right of way over the particular route surveyed prior to trial.

In Stock v. Roebling, Wyo., 459 P.2d 780, where a similar right of way easement was claimed, we reviewed evidence favorable to claimant and held, at 459 P.2d 784, there was sufficient testimony before the court to show that claimant and his predecessor used the land there in question twice each year as a driveway for cattle, during the necessary prescriptive period; that the use was continuous and uninterrupted; without the consent of the landowner; and that the use was exclusive.

The evidence in the case now being dealt with was in conflict and we do not consider it necessary to review both the favorable and unfavorable testimony to plaintiff's case. Although her testimony was somewhat minimal and disputed by defendants, we consider it sufficient—judged in the light most favorable to plaintiff—to justify the trier's finding in her favor on the existence of a prescriptive right of way.

The principal complaint of appellants, as far as their appeal is concerned, seems to be that they should not have been charged with half of the cost of the survey. As to that complaint, it does appear they were to a certain extent required to help plaintiff in the proof of her claim against them. If defendants are compelled, against their wishes, to recognize and live with plaintiff's claim of a right of way across their land, it sort of adds insult to injury when they have to pay over $2,000 for surrendering and suffering such an encumbrance against their land.

The weight of authority seems to be, as stated in 20 C.J.S. Costs § 219, pp. 463–464, that the expense of procuring surveys, maps, plats, plans or photographs is not taxable as costs unless there is clear statutory authority therefor. For cases which support this general rule see: Stratford v. Wood, 11 Utah 2d 251, 358 P.2d 80, 81; Broberg v. Northern Pac. Ry. Co., 120 Mont. 280, 182 P.2d 851, 863; Perlus v. Market Inv. Co., 95 Wash. 484, 164 P. 65, 67; Martin v. Minneapolis & St. L. R. Co., 138 Minn. 40, 163 N.W. 983, 984; and Ela v. Knox, 46 N.H. 16, 88 Am.D. 179, 180.

This court has held in Wyoming Central Irr. Co. v. LaPorte, 26 Wyo. 522, 188 P.

360, 362, the matter of costs is purely statutory as costs were not allowed as a rule at common law. We of course have no statute which purports to authorize the charging of such a survey as is here involved, as an item of cost.

We do not mean to imply there is an absence of authority for charging surveys as costs where circumstances justify it. Cases can be found which leave the matter largely to the discretion of the trial judge. However, we consider the equities in this case such that defendants should not be charged with any part of the expense of the survey, which was necessarily for the plaintiff's and not the defendants' benefit.

Case remanded with instructions to delete charges assessed against defendants for the survey; affirmed in other respects.