Argued December 2, 1975, affirmed January 22, 1976

OVERTON et ux, *Respondents and Cross-Appellants,*
*v.*
BLAKE et al, *Appellants.*

544 P2d 1037

[ 91 ]

*E. Scott Lawlor,* Eugene, argued the cause and filed briefs for appellants.

*R. L. Reinebach,* Corvallis, argued the cause and filed a brief for respondents and cross-appellants.

O'CONNELL, C. J.

## O'CONNELL, C. J.

This is a suit to quiet title to a narrow strip of land lying between plaintiffs' and defendants' property in Benton County, Oregon. Plaintiffs claim title to the disputed property by adverse possession. The trial court found for plaintiffs and defendants appeal. Plaintiffs cross-appeal from the trial court's order disallowing several disbursements included in plaintiffs' cost bill. Defendants contend that plaintiffs have not shown an adverse use of the property in question.

The land in question is an 830-foot strip which varies in width from 13 to 6 feet, and lies between plaintiffs' and defendants' property. A narrow row of trees and shrubs runs north and south through the center of the northern portion of the strip along which are remnants of a disintegrated fence consisting of old barbed wire and parts of fence posts. The hedgerow also contains ponderosa pine planted by plaintiffs' predecessor in title. A roadway which has been used by plaintiffs and their predecessors in interest runs along the length of the hedgerow on plaintiffs' side and for the most part lies within the disputed strip. The southern part of the strip contains remnants of an old rail fence. We are of the opinion that there is sufficient evidence to support plaintiffs' claim of adverse possession.

Plaintiffs and their predecessors in title have treated the land in question in the manner in which an average owner would treat farm land, using it primarily as a boundary buffer zone between rural parcels[1] but also using it for other purposes to which it was reasonably adapted. Use was made of an access road lying partly within the disputed strip. Brush was cut and portions of the hedgerow were cleared. Some trees were cut and as we have noted, others were planted for timber production within the disputed area. The strip was also used for recreational purposes. These uses were sufficient to support plaintiffs' claim.

[1]The claimed boundary is part of a roughly continuous fence line that extends beyond the property in question.

In their cross-appeal, plaintiffs contend that the trial court erred in disallowing the following items in plaintiffs' cost bill: (1) the cost of a title search to discover other potential claimants to the disputed strip; (2) the cost of photographs and photographic services; and (3) the cost of surveying and preparing a legal description of the disputed strip.

Plaintiffs first contend that defendants' objection to the cost bill should not have been allowed because the original objection was not verified and that defendant's motion to file amended objections should have been disallowed. This contention is without merit. The trial court has the discretion to allow the late filing of objections to a cost bill.[2]

Turning to the merits of plaintiffs' cross-appeal, we hold that the trial court properly disallowed the disbursements for the three items listed above. None of these items is "necessary" within the meaning ORS 20.020.[3] In support of their claim for the cost of the survey, plaintiffs rely upon *Morgan v. Cieloha,* 74 Or 468, 145 P 1063 (1915), which held that the fees of the surveyor were allowable as costs. In that case the trial judge himself called in the surveyor to designate on the ground the points imperfectly indicated in the evidence. The court said that "a survey was absolutely necessary in order to make any division intelligible." The court added that "[i]t is only equitable that he should be paid for his work." (74 Or at 469.) Since it was the trial judge, and not counsel, who employed the surveyor, it appears that the allowance of costs was the only way that he could be paid for his services.

Where a survey is made at the direction of counsel,

---

[2] *See Weiss v. Meyer,* 24 Or 108, 109, 32 P 1025 (1893) and *Hislop v. Moldenhauer,* 24 Or 106, 32 P 1026 (1893).

[3] "A party entitled to costs shall also be allowed for all necessary disbursements, including the fees of officers and witnesses, the necessary expenses of taking depositions, the expense of publication of the summons or notices, and the postage where the same are served by mail, the compensation of referees, and the necessary expense of copying any public record, book or document used as evidence on the trial."

this court held in *Weiss v. Meyer,* 24 Or 108, 32 P 1025 (1893) that the expense of making the survey is not a "disbursement." That case rather than *Morgan v. Cieloha, supra,* is controlling here. We hold, therefore, that plaintiffs' disbursements for the survey in this case was properly disallowed.

Decree affirmed.