STOLL et ux, *Respondents and Cross-Appellants,*
*v.*
CURL et al, *Appellants.*

551 P2d 1058

*Frank L. Whitaker,* of Whitaker & Whitaker, P.C., Portland, argued the cause and filed briefs for appellants.

*Margaretta Eakin,* Portland, argued the cause and filed a brief for respondents and cross-appellants. With her on the brief was N. Robert Stoll, pro se, Portland.

Before O'Connell, Chief Justice,* and Holman, Tongue and Bryson, Justices.

O'CONNELL, J.

---

*Chief Justice when the case was argued.

## O'CONNELL, J.

This is a suit to quiet title to a fifteen-foot strip of land formerly owned by defendants to which plaintiffs now claim ownership by adverse possession. Plaintiffs also seek to recover damages as a result of defendants' removal of plaintiffs' fence constructed on the disputed strip by plaintiffs. The trial court entered a decree quieting title in plaintiffs and allowing $250 damages for the trespass. Defendants appeal. Plaintiffs cross-appeal, assigning as error the court's action in denying their motion for a jury trial on the trespass issue and in failing to award damages for mental anguish and punitive damages for the trespass.

Plaintiffs' claim to ownership of the fifteen-foot strip of land is based upon the alleged adverse possession of their predecessor in title, Mrs. Rita Young, beginning in 1961 and followed by the adverse possession of plaintiffs from 1968 to 1973. The trial court found that plaintiffs had established all of the necessary elements of adverse possession for the requisite period.

The case turns on the factual question as to whether Mrs. Young had planted rhododendron bushes along the line now claimed by plaintiffs as their boundary line separating their land from that of defendants. Mrs. Young testified that the rhododendron bushes were in the same place as she had planted them. Plaintiff testified that he had not moved them. Defendants contended that the plants has been moved by plaintiffs within the past five years. A witness testified that she had seen Mr. Stoll move the plants. Contrary evidence was adduced by plaintiffs. An expert witness called by defendants testified that the plants exhibited short growth in 1971, a phenomenon consistent with the contention that the plants had been moved. On the other hand, another expert, a landscape architect, also called by defendants, testified that the plants were in the same location as he had seen them in 1970.

■■ It is apparent, then, that the evidence is in conflict. In such cases we defer to the findings of the trial court unless the record gives us a basis for weighing the credibility of the witnesses differently than it was weighed by the trial judge. Defendants concede that this is the general principle governing de novo review. However, they contend that in the present case the testimony, particularly the testimony of Mrs. Young, was inconsistent with the physical facts, thus calling for the application of the rule that in such cases the physical facts must govern. Accepting defendants' contention that Mrs. Young's testimony concerning the location of the plants was internally inconsistent and therefore valueless, there is no longer any inconsistency between the physical facts and the testimony because Mrs. Young's testimony was an essential part of the evidence necessary to establish the physical facts relied upon by defendants. Moreover, there was other evidence, although conflicting, from which it can be inferred that the plants had not been moved and remained in their present location for the requisite statutory period to establish title by adverse possession. On the basis of this evidence, resting upon the credibility of the witness, we sustain the trial court. The award of $250 as damages for the trespass will not be disturbed.

■■ Plaintiffs' contention on cross-appeal that damages should have been allowed for mental anguish and humiliation is without merit. Mental anguish is not compensable in the ordinary trespass action.[1] There was nothing about the circumstances in the present case which would call for an exception to the general rule. We also hold that the facts were not sufficient to support plaintiffs' claim for punitive damages.

■■ Defendants object to the inclusion in the cost bill of $105 for surveyor's fees. It appears from the colloquy between the trial judge and counsel at the close of the trial that the employment of the surveyor was at the

---

[1] *Douglas v. Humble Oil,* 251 Or 310, 445 P2d 590 (1968).

suggestion of the trial judge in order to establish an accurate description to incorporate into the decree. Under these circumstances, the allowance of costs for preparing the survey for this purpose was proper for the reasons explained in *Overton v. Blake,* 274 Or 91, 544 P2d 1037 (1976). For any services performed by the surveyor at plaintiffs' request, there is of course no reimbursement. The witness fee for Mrs. Young is reduced from $20.00 to $5.00 for one day's service. ORS 44.410.[2] The mileage fee for Mrs. Young must also be reduced because it improperly included mileage beyond the boundaries of the state. It is well settled that a witness travelling from another state is only paid for mileage from the Oregon border to the place of trial.[3]

Plaintiffs also assign as error on cross-appeal the trial court's failure to provide a jury trial on the cause of action for trespass or in the alternative, to permit plaintiffs to sever the trespass cause of action and try it separately before a jury at a later time. Plaintiffs concede that whether an issue should be submitted to a jury in an equity suit is within the discretion of the trial judge. It is argued, however, that the judge abused his discretion in the present case "because of the nature and difficulty in assessing the amount of the damages alleged."

We do not accept plaintiffs' assumption that the right to a jury trial in an equity suit turns on the difficulty of assessing the damages. Even if we were to accept that principle, plaintiffs would not be entitled to a jury trial in the present case because, eliminating as we have, plaintiffs' claim for damages based upon mental anguish and their claim for punitive damages, the measure of damages for the trespass—the cost of replacing the fence—was readily computable.

The decree as modified is affirmed.

---

[2] *See, Egan v. Finney,* 42 Or 599, 606, 72 P 133 (1903).

[3] *Kohlhagen v. Cardwell,* 93 Or 610, 621-22, 184 P 261, 8 ALR 11 (1919); *Crawford v. Abraham,* 2 Or 163 (1866).