Argued and submitted May 20, reversed and remanded in part, affirmed in part August 3, reconsideration allowed, former opinion modified, judgment for defendant affirmed (65 Or App 315, 671 P2d 767) November 9, 1983

CESSNUN,
*Appellant,*

*v.*

SIGNER MOTORS, INC. et al,
*Respondents.*

CESSNUN,
*Respondent,*

*v.*

SIGNER MOTORS, INC.,
*Defendant,*

*and*

JEEP CORPORATION, INC.,
*Appellant.*

(42641; CA A25224)

666 P2d 1389

Tim Armbruster, Newport, argued the cause for appellant - respondent William Cessnun. With him on the briefs was Barton & Armbruster, P.C., Newport.

E. Richard Bodyfelt, Portland, argued the cause for respondents Signer Motors, Inc. and Jeep Corporation Inc., and appellant Jeep Corporation, Inc. With him on the briefs were Kathryn R. Janssen, and Bodyfelt, Mount, Stroup & Chamberlain, Portland.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

### RICHARDSON, P. J.

This is a wrongful death action arising out of a one-car accident in which plaintiff's wife was fatally injured. The defendants are Jeep Corporation, Inc., the manufacturer of the vehicle (Jeep), and Signer Motors, Inc. the authorized Jeep dealer in Corvallis from which plaintiff bought the vehicle (Signer). Plaintiff alleged that the accident resulted from the dangerously defective condition of the brake system and from Signer's negligence in performing warranty maintenance and repairs. At the conclusion of all the evidence, defendants moved to strike the allegations of negligence. That motion was allowed. The jury subsequently returned a verdict for defendants on the product liability claim. Plaintiff appeals, contending that the trial court erred by allowing the motion to strike. Jeep also appeals, arguing that the court erred by not allowing its claim for costs for travel by its out-of-state witnesses.

Plaintiff purchased the vehicle in January, 1978. Between May 1 and June 26, 1978, plaintiff and his wife brought the car to Signer five times. Their principal complaint was that the brake pedal was not operating properly, was going all the way to the floor and had to be pumped to stop the car. On the May 1 visit, Signer's personnel replaced the right front brake disc and related apparatus. Various other measures were taken by Signer on the other occasions that the car was in the shop. At trial, plaintiff called John Jantzi, the owner of an automobile repair shop in Newport, who testified to the effect that more extensive servicing than Signer had performed was necessary to locate the source of and correct the problem and that the part of Jeep's Technical Service Manual which was in evidence called for a more exhaustive approach than Signer pursued. There was also evidence from which the jury could find that Signer's servicing and repair were adequate.

The accident occurred on September 19, 1978, while the decedent was driving the car. Plaintiff's principal theory at trial was that the accident was caused by brake failure due to excessive "wobble" or "run-out" in the front brake discs and that that problem was attributable to defects that were present at the time the car was sold and at the time the right front disc was replaced. Defendants' theory was that the brake system was not defective and that the decedent's negligence was the

132

cause of the accident. There was evidence from which the jury could have found in accordance with either theory.

Plaintiff's complaint alleged that Signer was negligent in five particulars. At trial, plaintiff withdrew three of the specifications. The two remaining allegations charged Signer with negligence:

"4. In failing to properly repair the brakes and braking systems of the Jeep when the vehicle was delivered to SIGNER MOTORS for inspection to its brakes and braking systems after purchase by [plaintiff].

"5. In failing to properly inspect the brakes and braking systems of the Jeep when the vehicle was delivered to SIGNER MOTORS for inspection to its brakes and braking systems after purchase by [plaintiff]."

The trial court granted defendants' motion to strike those allegations on the ground that plaintiff's evidence did not establish what Signer's standard of care was and, in particular, did not establish a standard of care for automobile repairmen in Corvallis in 1978. The court also stated:

"* * * [T]he question raised by the negligence action is the same question which is raised under the pleading of the first cause of action, which is with respect to the alleged product defect in substance."

On appeal, defendants argue, first, that the court was correct in ruling that there was no proof of Signer's standard of care and second, and far more emphatically, that any error in the striking of the negligence claim was "cured" by the verdict on the product liability claim.

■ Plaintiff's witness Jantzi testified as an expert on brake servicing and repairs. His testimony, like that of the other expert witnesses, was an amalgam of statements about what he would do under certain circumstances and about what repairmen generally should do. The testimony was not objected to for that reason. The witness was aided in his testimony by the Jeep Technical Service Manual. We conclude that the testimony and the manual, taken together and in the light of the other evidence, were sufficient to permit the jury to

find that Signer's servicing and repair work were negligent as alleged.[1]

■ The real thrust of defendants' first argument is that plaintiff adduced no evidence to "establish a repairman's standard of care in Corvallis in 1978." Defendants cite no Oregon appellate decision—and we have found none—holding that the standard of care for automotive repairmen is subject to the "same or similar locality" rule that applies in professional malpractice cases. With increasing frequency, the courts of other jurisdictions have rejected or questioned the continuing vitality of that rule even in the medical malpractice context where it originated. Those courts have reasoned that the locality rule made sense when the accessibility of knowledge and facilities varied drastically throughout the country but makes little or no sense when nationally disseminated medical publications and other adjuncts of modern medical practice assure a more uniform state of the art. *See Douglas v. Bussabarger,* 73 Wash 2d 476, 438 P2d 829 (1968); *Annot.,* 37 ALR3d 420, 432-34 (1971). Assuming *arguendo* that the rationale for the locality rule would *ever* have justified its extension to automobile repairmen, there is no logical reason for extending the rule to them now. The existence of the generally available Jeep Technical Service Manual illustrates why the standard of care in Corvallis should not differ from the standard of care elsewhere for performing maintenance and repair services of the kind in question.

■ Defendants' cure by verdict argument presents a closer question. The point of the argument is that plaintiff's only evidence of negligence by Signer was its failure to discover or repair the alleged manufacturing defect which the verdict on the product liability claim established did not exist or did not cause the accident. Plaintiff replies that "[t]here is evidence in the record to support the theory that the brake system was damaged subsequent to manufacture and prior to Signer Motor's final repair attempt." The evidence to which plaintiff refers is testimony by two of *Signer's* witnesses. James Friend, the Signer foreman at the time of the repair attempts, testified that, in his opinion,[2] the "soft pedal" on plaintiff's vehicle

---

[1] We assume *arguendo* but do not decide that expert evidence was necessary here. *See Hall v. State,* 290 Or 19, 27, 619 P2d 256 (1980).

[2] Like Jantzi, Friend testified at least in part as an expert witness.

"* * * was caused by * * * excessive rotor run-out pushing the pads back so when you step on the brake the pedal would go soft and which in fact was *caused by abnormal use.*" (Emphasis supplied.)

Defendants do not appear to argue that the negligence claim *as pleaded* was completely redundant of the product liability claim; their argument is that plaintiff's *evidence* supported nothing more than a finding that Signer failed to discover and repair the product defect plaintiff sought to prove through his product liability claim. Defendants are correct. However, plaintiff is correct in his argument that *Signer's* evidence *did* show an independent basis for a finding of liability on the negligence claim. Assuming that the jury found no manufacturing defect, the verdict did not *necessarily* exonerate Signer for any negligent failure to discover or repair problems with the brake system which might have resulted from abnormal use rather than from a manufacturing defect.

█    The trial court erred by allowing the motion to strike. The court did not err, as Jeep contends in its appeal, by disallowing costs for witnesses' out-of-state travel. *Stoll v. Curl,* 275 Or 487, 491, 551 P2d 1058 (1976).

Reversed and remanded on plaintiff's negligence claim; affirmed in all other respects.[3]

---

[3] Although plaintiff does not allege direct negligence by Jeep, he does allege that there is an agency relationship between Jeep and Signer. Defendants note in their brief that Jeep stipulated that it would be vicariously liable for any negligence found against Signer. Our remand of the negligence claim applies to both defendants. We emphasize, however, that we do not reach the merits of the vicarious liability question.