On Jeep Corporation, Inc.'s reconsideration filed September 1, reconsideration allowed; former opinion filed August 3 (64 Or App 129, 666 P2d 1389) modified; judgment for defendants affirmed November 9, 1983

CESSNUN,
*Appellant,*

*v.*

SIGNER MOTORS, INC. et al,
*Respondents.*

CESSNUN,
*Respondent,*

*v.*

SIGNER MOTORS, INC.,
*Defendant,*

*and*

JEEP CORPORATION, INC.,
*Appellant.*

(42641; CA A25224)

671 P2d 767

316

E. Richard Bodyfelt, Kathryn R. Janssen, and Bodyfelt, Mount, Stroup & Chamberlain, Portland, for petition.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendants petition for reconsideration of our decision that we reversed the judgment for defendants and remanded on plaintiff's negligence claim. 64 Or App 129, 666 P2d 1389 (1983). In the petition, defendants argue that we misconstrued the evidence respecting defendants' alleged negligent failure to repair the brakes of the vehicle or properly to inspect the braking system. We held:

> "* * * Assuming that the jury found no manufacturing defect, the verdict did not *necessarily* exonerate Signer for any negligent failure to discover or repair problems with the brake system which might have resulted from abnormal use rather than from a manufacturing defect." 64 Or App at 134. (Emphasis in original.)

In arriving at that conclusion, we relied on a portion of the testimony of two expert witnessses presented by defendants. We said:

> "* * * James Friend, the Signer foreman at the time of the repair attempts, testified that, in his opinion, the 'soft pedal' on plaintiff's vehicle "* * * was caused by * * * excessive rotor run-out pushing the pads back so when you step on the brake the pedal would go soft and which in fact was *caused by abnormal use.*'" 64 Or App at 133-34. (Emphasis in original; footnote omitted.)

Under the guidance of defendants' petition we have reexamined the testimony of the experts and conclude that we erred in reversing the order striking plaintiff's negligence claim. In essence, the testimony of the two experts, who were mechanics working for Signer, discloses that in their opinion the rotor run-out was caused by worn front wheel bearings which were damaged by abnormal use of the vehicle. There was no evidence that the rotor run-out due to wheel bearing damage caused any damage to the brake system. The uncontradicted evidence was that the wheel bearings on both front wheels were replaced by Signer before the accident. There also was no evidence of a brake problem due to abuse of the vehicle that arose between the time Signer replaced the wheel bearings and the accident. An examination of the vehicle after the accident disclosed no defects in or damage to the wheel bearings. Consequently, the only evidence of a problem with the brakes due to abuse of the vehicle was the wheel bearing

damage that was discovered and repaired by Signer. Plaintiff's counsel stated during trial that the front wheel bearings were not involved in the claim of negligence. The trial court did not err in striking the two specifications of negligence.

The petition for reconsideration is allowed. The former opinion is modified as set forth in this opinion on reconsideration and the judgment for defendants is affirmed.