# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JESSICA Y. RICE,                        )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )      C.A. No. N19C-05-158 CLS
                                        )
ANDREW RICE, RPC IV, LLC,               )
d/b/a PORTER FORD,                      )
                                        )
            Defendant.                  )

Date Submitted: April 3, 2020
Date Decided: August 20, 2020

*Upon Defendant Porter Ford's Motion for Summary Judgment*
**DENIED.**

## ORDER

Cynthia G. Beam, Esquire, Reger, Rizzo & Darnall, LLP, Wilmington, Delaware, Attorney for Plaintiff.

Eric Scott Thompson, Esquire, Franklin & Prokopik, P.C., Newark, Delaware, Attorney for Defendant.

Shae L. Chasanov, Esquire, Swartz Campbell, LLC, Wilmington, Delaware, Attorney for Defendant.

**SCOTT, J.**

## INTRODUCTION

Before the Court is Defendant's, RCP IV, LLC d/b/a Porter Ford ("Porter Ford"), Motion for Summary Judgment. Porter Ford contends that this Court should grant summary judgment in its favor because Plaintiff Jessica Y. Rice ("Mrs. Rice") has failed to identify an expert to testify that Porter Ford's employee breached his duty of care in replacing automobile brakes and caused the automobile accident that resulting in harm to Mrs. Rice.

In the present case, it is disputed whether Porter Ford's repair of the automobile brakes was negligent and thereby caused Mr. Rice's automobile to rear-end another vehicle. The inquiry in this Motion is whether expert testimony is needed to establish a prima facie case that Porter Ford, and/or its employee, breached its standard of care and therefore potentially liable to Mrs. Rice for her injuries.

After reviewing the Motion and Plaintiff's Response, the Court finds that Porter Ford's Motion is **DENIED**. Parties should submit an amended Scheduling Order which allows for expert testimony.

## BACKGROUND

On June 2, 2017, Mrs. Rice was a passenger in a vehicle driven by her husband, Defendant Andrew Rice ("Mr. Rice"), when Mr. Rice's vehicle rear-ended

1

the vehicle in front of them.[1] Mrs. Rice alleges that the accident occurred as a result of Porter Ford's "fail[ure] to properly replace the brake pads and resurface the brake rotors on the subject vehicle"[2] after Mr. Rice had taken the vehicle to Defendant Porter Ford to replace the brake pads and, after allegedly experiencing a brake malfunction, later fix the alleged brake malfunction.[3] As a result, Plaintiff initiated this suit by filing a Complaint against Porter Ford and Mr. Rice for compensation for "personal injuries, pain and suffering, past and future Medical expenses, interest pursuant to 6 Del. C. Section 2301(d), and cover costs."[4]

Defendant Porter Ford has moved for summary judgment, pursuant to Superior Court Civil Rule 56, on the basis that Plaintiff has failed to identify experts by the Court's Civil Case Management Order deadline of November 29, 2019 ("November Deadline").

## STANDARD OF REVIEW

Under Superior Court Civil Procedure Rule 56, summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[5] Summary judgment will not be granted if material facts

---

[1] Compl. at ¶ 7.
[2] *Id.* at ¶ 14.
[3] *Id.* at ¶ 13.
[4] *Id.* at p. 5.
[5] Super. Ct. Civ. R. 56(c).

are in dispute or if "it seems desirable to inquire more thoroughly into the facts to clarify the application of the law to the circumstances."[6] This Court considers all of the facts in a light most favorable to the non-moving party.[7]

In a motion for summary judgment, the moving party bears the initial burden of showing that there are no material issues of fact.[8] If the moving party makes this showing, then the burden shifts to the nonmoving party to show that there are material issues of fact.[9]

Delaware Rule of Evidence 702 provides that "[i]f scientific, technical or other specialized knowledge **will assist the trier of fact to understand the evidence or to determine a fact in issue**, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in a form of an opinion or otherwise."[10] In *Weaver v. Lukoff*,[11] the Supreme Court of Delaware stated that "[a]s a general rule the standard of care applicable to a professional can only be established through expert testimony. An exception to this rule exists, however,

---

[6] *Infante v. Horizon Servs., Inc.*, 2019 WL 3992101, at *1 (Del. Super. Aug. 23, 2019).
[7] *Id.*
[8] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[9] *Id.* at 681.
[10] D.R.E. 702; *see also Smith v. Chrysler Corp.*, 1996 WL 945018, at *2 (Del.Super.) (emphasis added).
[11] *Weaver v. Lukoff*, 1986 WL 17121 (Del. 1986).

when the professional's mistake is so apparent that a layman, exercising his common sense is perfectly competent to determine whether there was negligence."[12]

## PARTIES' ASSERTIONS

Porter Ford asserts that, without "identif[ying] experts to testify on [Plaintiff's] behalf regarding any conduct by [Defendant Porter Ford] that deviated from any standard of care[,]"[13] Defendant is entitled to summary judgment. In support of its Motion for Summary Judgment, Defendant directs the Court's attention to the Trial Scheduling Order that requires the Plaintiff to identify experts by the November Deadline.[14]

In response, Plaintiff argues that "the facts of the instant case do not require an expert opinion since the cause of negligence is easily ascertainable to a lay jury."[15] Further, in the alternative, Plaintiff argues that "the facts in this case can give rise to an inference of negligence under the doctrine of *res ipsa loquitur.*"[16]

## DISCUSSION

Where "negligence is charged against a person or firm in a trade, the jury is instructed that:

> [Plaintiff] has alleged that [defendant] was negligent in [the alleged negligent conduct]. One who undertakes to render services in the practice of a profession or

---

[12] *Id.* at *1.
[13] Def.'s Mot. for Summ. J. at ¶ 3.
[14] *Id.*
[15] Pl.'s Br. in Opp. to Def.'s Mot. for Summ. J. at ¶ 1.
[16] *Id.* at ¶ 10.

4

trade is always required to exercise the skill and knowledge normally held by members of that profession or trade in good standing in communities similar to this one. If you find that [defendant] held [itself] out as having a particular degree of skill in [its] trade or profession, then the degree of skill required of [defendant] is that which [it] held [itself] out as having."[17]

There are cases in Delaware that speak as to whether expert testimony is needed to establish the appropriate standard of care, but in different contexts.

In *Hazel v. Delaware Supermarkets, Inc.*,[18] the Court found that expert testimony was not required when the plaintiff fell in the frozen food aisle of a grocery store because "it is within the common knowledge of a lay jury whether water on the floor, in the aisle of a public grocery store, creates an unsafe condition."[19]

Similarly, in *Brown v. Dollar Tree Stores, Inc.*,[20] expert testimony was not required as to whether a mop, which caused a child's injuries, was defectively designed because the mop was "so basic that it should be understood by the average juror, and that the average juror should be able to evaluate whether [the] mop was defective."[21]

---

[17] *Brandt v. Rokeby Realty Company, et al.*, 2004 WL 2050519, at *6 (Del.Super.)(citing *Tydings v. Lowenstein*, 505 A.2d 443, 445 (Del.1986); *Seller v. Levitz Furniture, Co.*, 367 A.2d 999, 1007–08 (Del.1976); *Sweetman v. Strescon Indus., Inc.*, 389 A.2d 1319, 1324 (Del.Super.Ct.1978); *See also* Restatement (Second) of Torts § 299A (1965)).
[18] *Hazel v. Delaware Supermarkets, Inc.*, 953 A.2d 705, 709 (Del. 2008)
[19] *Roberts v. Daystar Sills, Inc.*, 2008 WL 8203205, at *2 (Del. Super. Dec. 8, 2008) (citing Hazel, 953 A.2d 705).
[20] *Brown v. Dollar Tree Stores, Inc.*, 2009 WL 5177162 (Del. Super. Dec. 9, 2009).
[21] *Brown v. Dollar Tree Stores, Inc.*, 2009 WL 5177162, at *4 (Del. Super. Dec. 9, 2009).

Conversely, in *Abegglan v. Berry Refrigeration Co.*,[22] this Court determined that an expert was needed where a plaintiff claimed that a ceiling tile fell on the plaintiff due to an allegedly ill-repaired ice machine, and the tile caused injuries to the plaintiff. This Court noted that "jurors would be unable to sufficiently determine whether there was negligence," and "a layperson would be unable to form an intelligent judgment, without the aid of an expert, as to whether the repairman's actions fell below the standard of care and caused the ceiling tile to fall or whether the leaking of water prior to the repair caused the tile to fall."[23]

Likewise, the Court in *Vohrer v. Kinnikin* determined that the plaintiff's case was similar to the plaintiff in *Abegglan*, and different than the plaintiffs in *Hazel* and *Brown*, when a plaintiff allegedly received an electrical shock from a stove.[24] The Court held that "[w]hile a kitchen stove may be a common household item, the stove's electrical wiring and circuitry, as well as the wiring of the outlet to which the stove is connected, are not matters within the common knowledge of the layperson."[25]

---

[22] *Abegglan v. Berry Refrigeration Co.*, 2005 WL 6778336 (Del. Super. Dec. 2, 2005).
[23] *Id.* at *3.
[24] *Vohrer v. Kinnikin*, 2014 WL 1203270 (Del. Super. Feb. 26, 2014).
[25] *Id.* at *4.

Finally in *Roberts*, a plaintiff sued defendants when he fell off scaffolding at a construction site.[26] This Court held that the plaintiff needed to produce expert testimony on the standard of care at a construction site.[27] The Court noted that

> a lay jury is not acquainted with routine practices observed at a closed construction site. A lay jury has common knowledge of what conditions are expected and reasonable in a grocery store or when walking down a residential street but the determination of what conditions are expected and reasonable at a closed construction site requires specialized knowledge. Without an expert to explain the routine practices and acceptable conditions at a closed construction site, where trade persons are trained to work in and around precarious conditions, the jury would be left to speculate as to the standard of care.[28]

Based on the arguments before the Court, the Court finds that an alleged "failure to properly replace the brake pads and resurface the brake rotors on the subject vehicle"[29] reflects the holdings of *Roberts*, *Abegglan*, and *Vohrer*, and is different from *Hazel* and *Brown*. Automobile brake replacement and maintenance is wholly separate and distinct from cleaning up water on the floor in a grocery store.[30]

Porter Ford renders automobile maintenance services. In rendering these services, Porter Ford and its employees hold themselves out as having a particular degree of skill and expertise, thus, requiring Porter Ford to exercise a specialized

---

[26] *See Roberts*, 2008 WL 8203205.

[27] *Id.*

[28] *Roberts*, 2008 WL 8203205, at *2; *See also Small v. Super Fresh Food Markets, Inc.*, 2010 WL 530071, at *3–4 (Del. Super. Feb. 12, 2010)("This Court will not require Plaintiff to produce an expert to testify as to the applicable standard of care required of the grocer in this case.").

[29] Compl. at ¶ 14.

[30] *See Roberts*, 2008 WL 8203205.

degree of care.[31] Without expert testimony in this case, "jurors would be forced to surmise about the particular degree of skill and how to measure it against"[32] Porter Ford's repair of the automobile's brakes.

Several courts outside of this jurisdiction have required expert testimony in matters concerning alleged negligent brake inspection and repair to establish the applicable standard of care. A Michigan trial court case "determined that expert testimony was required to establish the duty of care owed by [defendant] in inspecting the brakes on plaintiff's vehicle and to establish causation."[33] Next, an Oregon appellate court found, in a wrongful death case alleging that a dealership was negligent in performing warranty maintenance and repairs on the vehicle's braking system, that expert testimony that used a Technical Service Manual established sufficiently a standard of care to permit the jury to find Defendant's servicing and repair work as negligent as alleged.[34] Finally, a District of Columbia appellate court found, in a case where a passenger in a vehicle was injured when that vehicle's brakes failed and brought suit against the automobile repair service

---

[31] *Id.* (citing *Ruddy v. Moore,* 1997 WL 717790, at *8 (Del . Super.)(expert testimony presented concerning HVAC installation)).
[32] *Id.*
[33] *Matzinger v. Three R's Forst Products,* 2005 WL 473797, at *1.
[34] *Cessnun v. Signer Motors, Inc.,* 64 Or. App. 129 (1983).

company, that "the instant case required expert testimony for resolution of the question of liability."[35]

This Court finds that expert testimony is necessary in this matter. A jury is not acquainted with routine practices involving brake replacement and maintenance.

Additionally, *Res Ipsa Loquitur* is not applicable in this matter because the accident occurred fourteen days after Mr. Rice's vehicle left Porter Ford's control and it is possible that something else could have caused the accident.[36]

## CONCLUSION

For the forgoing reasons, Defendant's Motion for Summary Judgment is **DENIED**. Parties are to submit an amended Scheduling Order for procuring an expert as discussed above.

**IT IS SO ORDERED.**

_____
**The Honorable Calvin L. Scott, Jr.**

---

[35] *Mozie v. Sears Roebuck and Co.*, 623 A.2d 607, 613 (1993).
[36] *See* Compl. at ¶¶ 11-14.