Argued and submitted December 17, 1984, affirmed as modified August 21, 1985

RANDALL et al,

*Appellants - Cross-Respondents (interlocutory
decree); Respondents - Cross-Appellants
(modified interlocutory decree),*

*v.*

SANFORD et al,

*Respondents - Cross-Appellants (interlocutory
decree); Appellants - Cross-Respondents
(modified interlocutory decree),*

*and*

COIN METER COMPANY,

*Respondent (interlocutory decree);
Cross-Respondent (modified interlocutory decree).*

(A8310 06399; CA A30796)

705 P2d 756

Christine A. Van Eck, Portland, argued the cause for

appellants - cross-respondents, respondents - cross-appellants Randall. With her on the briefs was Stoel, Rives, Boley, Fraser & Wyse, Portland.

Steven Y. Orcutt, Portland, argued the cause for respondents - cross-appellants, appellants - cross-respondents Sanford and Jensen. With him on the briefs was Holmes, De Francq & Schulte, P. C., Portland.

David W. Dardano of Dardano & Mowry, P. C., Portland, waived appearance for respondent - cross-respondent Coin Meter Company.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

### WARDEN, J.

Plaintiffs brought this action for strict foreclosure of a real estate contract. The trial court granted their motion for summary judgment and entered an interlocutory decree of strict foreclosure. Plaintiffs then moved to set aside the interlocutory decree on the basis that it was beyond the scope of their complaint and motion for summary judgment. The trial court denied the motion to set aside but entered an order modifying the interlocutory decree. Plaintiffs appeal from the interlocutory decree, assigning as error the court's entry of the interlocutory decree and its failure to set it aside. The Sanfords (defendants) cross-appeal, assigning error to the award of the expense of a foreclosure report to plaintiffs as part of costs, and they also appeal from the modified interlocutory decree, challenging the language regarding liability for prepayment penalties relating to certain encumbrances on the subject property.[1] We affirm on the appeal and reverse on the cross-appeal.

In March, 1978, the parties entered into a contract for the sale of a 76-unit apartment building for the total purchase price of $1,300,000. The contract provided that defendants would convey to plaintiffs various real properties for a credit of $260,000 against the purchase price and that the balance would bear interest at the rate of nine and three-fourths percent. The relevant payment provisions are contained in paragraph 2.2(b):

"The unpaid principal balance and interest accruing thereon shall be paid as follows:

"(i)   On the first day of each month following the Closing Date BUYER shall pay to SELLER at SELLER's address set forth above the amount of $8,863.19 including principal and interest.

"(ii)   At the first day of the first month after which four (4) years and eleven (11) months has elapsed since the Closing Date, SELLER has the option to require BUYER to

---

[1] Plaintiffs rely on *Slipp et ux v. Amato et ux*, 231 Or 512, 373 P2d 673 (1962), as authority that an interlocutory decree is appealable. *Slipp* held that, in an action for strict foreclosure of a contract to purchase real property, the interlocutory decree is a final adjudication. ORS 19.010(2)(b) provides only that an interlocutory decree in a suit for partition of real property "shall be deemed a judgment or decree." But for the holding in *Slipp*, it is questionable whether an interlocutory decree of foreclosure would be appealable.

pay to SELLER the total amount of all unpaid principal and all accrued interest on SELLER's equity owed under this Contract. It is understood and agreed that SELLER will give BUYER six (6) months advance notice when said option is exercised.

"Purchaser then agrees to assume and pay all underlying encumbrances according to the terms and conditions thereof."

Another provision recited that the property was encumbered by two mortgages and a trust deed totalling $783,000 but did not recite that one or more of them provided for a penalty for early repayment. The contract required plaintiffs to make all the payments and perform all the obligations attendant on those encumbrances, except as otherwise provided in the contract. The only exception expressed in the contract is the assumption provision noted above in the last subparagraph of 2.2(b)(ii). The contract provided that, in the event of a default by defendants, plaintiffs, among other remedies, could declare the entire balance of the purchase price and interest due and payable and foreclose the contract or specifically enforce the terms of the contract.

Plaintiffs filed this action on October 14, 1983. Their complaint alleges that they exercised the option to require defendants to pay the total balance due pursuant to paragraph 2.2(b)(ii) of the contract, that defendants defaulted by failing to pay the sum due, that plaintiffs elected to declare the entire unpaid balance due and payable and that they "are ready, able and willing * * * to deliver to defendants a good and sufficient deed conveying the property in fee simple to defendants in accordance with the terms and provisions of said contract, upon the payment of the full balance of the purchase price for the property with interest." The prayer of the complaint requests a judgment:

"1. Strictly foreclosing the contract and requiring defendants to pay to plaintiffs, through the clerk of the Court, the sum of $1,004,102.81 together with interest thereon at the rate of 9 3/4 percent per annum from and after September 1, 1983, until paid, plaintiffs' reasonable attorneys' fees, the sum of $2,047.50, the costs of the foreclosure report, and plaintiffs' costs and disbursements incurred herein;

"2. That defendants pay the aforesaid sums to the Clerk of the Court within 30 days from the date of judgment, or

within such other time that the Court may set for such payment and that plaintiffs upon such payment, deliver a deed to the subject real property to defendants.

"* * * * *

"5.   The plaintiffs have such other and further relief as the court may deem just and equitable."

For reasons not apparent from the record, defendants filed no responsive pleadings. However, it appears from subsequent memoranda of counsel that, after the proceedings had been initiated, defendants negotiated the sale of the property to a third party. On December 2, 1983, plaintiffs moved for summary judgment. That motion, which was not opposed by defendants, was heard by the trial court in an unrecorded proceeding on December 20. It was granted, and an interlocutory decree of strict foreclosure of the contract was entered. The decree, which was prepared by defendants, stated in material part:

"Having reviewed the motion, affidavits and memorandum of law in support thereof, and the record herein, and being advised by counsel that defendants do not oppose the motion and consent to entry of an interlocutory decree of strict foreclosure subject to the court's determination of plaintiffs' costs and attorneys' fees; and the court being further advised that defendants have sold the property, which sale must be closed on or before Wednesday, December 21, 1983, at Safeco Title Insurance Company, 2525 S.W. First Avenue, in Portland, Oregon, and that the unpaid principal balance of the contract, accrued interest, attorneys' fees, and costs will be paid from the proceeds collected at closing, and the court having found that there is no genuine issue of material fact and that the plaintiffs are entitled to judgment as a matter of law;

"NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

"1.   Plaintiffs' motion for summary judgment is allowed;

"2.   Defendants shall pay to plaintiffs, through Safeco Title Insurance Company, 2525 S.W. First Avenue, Portland, Oregon, within thirty days, the sum of $1,001,970.62, representing the unpaid principal balance of the contract, together with interest thereon at the rate of 9-3/4% per annum ($267.65 per day) from December 1, 1983 until paid, together with plaintiffs' attorney fees in the sum of $2,712.00 and plaintiffs' costs incurred herein in the sum of $2,329.55;

"3. Plaintiffs shall execute and deliver to Safeco Title Insurance Company no later than December 21, 1983, a good and sufficient deed conveying the property that is the subject of this suit to defendants free and clear of the liens and encumbrances described on page 13 of Exhibit 'B' to plaintiffs' complaint, a copy of which is attached hereto and incorporated by this reference herein. The deed shall be recorded when the amounts specified in paragraph 1 above have been collected for plaintiffs' account by Safeco Title Insurance Company, and any other condition of the closing of the sale have [sic] been satisfied * * *."[2]

On January 16, 1984, plaintiffs moved to set aside the interlocutory decree, contending, *inter alia,* that the provision requiring them to convey the property free and clear of encumbrances exceeded the scope of the complaint and the motion for summary judgment. The hearing on that motion is not part of the record. The trial court, however, denied the motion but entered an order modifying the decree. In relevant part, that order reads:

"[T]he court having found that it did not intend to make a determination on the issue of the liability of any party for any prepayment penalties which might accrue as a result of the sale, redemption or disposition of the property described in plaintiffs' complaint and that the decree should be modified to reflect the Court's intent at the time of its entry now, therefore, it is hereby

"ORDERED that plaintiff's Motion to Set Aside Interlocutory Decree of Strict Foreclosure of Real Estate Contract is denied;

"* * * * *

"ORDERED that the Interlocutory Decree is modified to add to page 2, paragraph 3 of the Decree the following:

" '* * * However, nothing herein shall be construed to determine any issue of liability of any party for prepayment penalties which might accrue as a result of the sale or disposition of the subject real property.' "

The underlying dispute in this case appears to be about which party should be liable for prepayment penalties

---

[2] At the hearing on the motion for summary judgment, plaintiffs' counsel apparently represented that the unpaid balance of the contract was $1,001,970.60, rather than $1,004,102.81 as requested in the complaint. Plaintiffs on appeal do not contend that the amount awarded as the balance due is in error.

resulting from satisfaction of the mortgages and the trust deed on the property. Under the interlocutory decree, but not under the contract, plaintiffs were required to deliver a deed free and clear of encumbrances; that requirement necessitated the satisfaction of encumbrances that existed when defendants purchased the property from plaintiffs and triggered the prepayment penalties. From memoranda of the parties on plaintiff's motion to set aside the interlocutory decree, it appears that plaintiffs refused to deliver a deed free and clear of encumbrances unless defendants paid the penalties and that, because defendants' sale to the third party was the source of defendants' funds to redeem the property and the sale was contingent on closing before December 31, defendants paid the penalties under protest so that the sale could close.

Plaintiffs now argue that, because the decree does not provide the relief requested in their complaint, defendants may be able to use it as a basis for further litigation to seek recovery of the prepayment penalties. In apparent anticipation of such a claim, plaintiffs argue that defendants have waived the right to object to liability for the prepayment penalties by paying them with knowledge of the fact that plaintiffs demanded defendants' payment as a condition of delivering a clear title to the escrow agent and by otherwise availing themselves of the decree to accomplish redemption and, further, that it would be inequitable to require plaintiffs to pay the penalties when those penalties were incurred as a result of defendants' default. Defendants counter that the decree gives plaintiffs relief consistent with their complaint, that the issue of prepayment penalties was not raised by the complaint or the motion for summary judgment and that, even if the issue were properly before the court, plaintiffs would not be entitled to recover prepayment penalties. They rely on dictum in *West Portland Development v. Ward Cook*, 246 Or 67, 424 P2d 212 (1967), to the effect that, if a contract providing for a prepayment penalty is accelerated, the entire debt is due and there is no contractual basis for a prepayment penalty. Defendants' cross-appeal assigns error to the court's modification of the decree to provide that the decree does not determine the issue of liability for prepayment penalties. Defendants contend that that language is superfluous.

The initial question for our determination is whether

the interlocutory decree goes beyond the scope of plaintiffs' complaint. Plaintiffs make two arguments in support of their contention that it does. First, they assert that under the contract they had the option to require defendants to pay the amount of plaintiffs' equity and concomitantly to assume all underlying encumbrances and that, in that event, plaintiffs would be obligated to deliver a deed subject to the encumbrances assumed by defendants. Plaintiffs argue that they did not request a foreclosure in which they would convey the property free and clear, but only one in which they would convey a deed as specified in the contract. Therefore, according to plaintiffs, the decree should have provided that, in the event of redemption, they only be required to deliver a deed subject to the encumbrances or, alternatively, that the sum to be paid on redemption should include damages for the prepayment penalty plaintiffs would suffer by virtue of the redemption. As a separate argument, they contend that the provision in the decree requiring them to deliver a deed to Safeco Title Company, rather than to the clerk of the court, is without a basis in the law or the pleadings.

■■ We find plaintiffs' arguments unpersuasive. A decree must be responsive to the issues framed by the pleadings. *Hurlburtt v. Hurlburtt,* 36 Or App 721, 585 Pd 724 (1978), *rev den* 285 Or 73 (1979). Although the parties' contract gave plaintiffs the option to require defendants to pay them the amount of their "equity" and to assume the underlying encumbrances, plaintiffs' complaint does not seek relief consistent with that provision. Rather, the complaint alleges that defendants have defaulted under that provision and that plaintiffs have elected to declare the entire balance of the purchase price, which includes the unpaid balances on the underlying obligations, due and payable. The complaint contains a prayer for a judgment of strict foreclosure requiring defendants to pay the full purchase price plus interest. The decree grants plaintiffs the only contract remedy that they sought in their complaint and, under those circumstances, on redemption defendants were entitled to a deed free and clear of encumbrances. By requiring defendants to pay the full balance of the purchase price in exchange for clear title, the decree does not grant relief exceeding that prayed for in the complaint.

■ We turn to plaintiffs' alternative contention that, if

the decree properly provided that they should deliver a deed free of encumbrances, it also should have provided that the sum to be paid on redemption by defendants include an amount for the prepayment penalties that plaintiffs necessarily would incur. The contract is silent on the issue of liability for penalties for prepayment of the encumbrances, and the issue is not addressed in the pleadings or in the motion for summary judgment. Moreover, as far as we can determine from this record, no evidence of the amount of any penalty was offered. We conclude that, because the issue of liability for prepayment penalties was not before the trial court, the issue could not be determined in the decree. By that conclusion, however, we do not express an opinion on the merits of the issue; accordingly, we do not address defendants' contention that *West Portland Development v. Ward Cook, supra,* is dispositive.

Plaintiffs' second argument, that the decree should be set aside because it required that they deliver title to Safeco Title Company rather than to the clerk of the court, is without merit. Strict foreclosure of a real estate contract is an equitable proceeding. A court has the power to adapt equitable relief to the circumstances of a particular case. *See Stan Wiley v. Berg,* 282 Or 9, 21, 578 P2d 384 (1978). In this case, the court had been apprised that the amounts due plaintiffs were to be paid from the proceeds of defendants' resale of the property and that that sale had to be consummated within a limited time period. The trial court recognized that it was more expeditious to accomplish the transaction through an escrow than through the clerk of the court. Plaintiffs were adequately protected by the provision of the decree that the deed would not be recorded until the full amount of the judgment had been collected for their account by the escrow agent. Plaintiffs have neither claimed nor demonstrated that any prejudice resulted to them from the manner of redemption. That the decree provided for redemption through an escrow agent rather than the clerk of the court is not a basis on which to set it aside.

Defendants' cross-appeal presents two questions. The first is whether the provision of the modified decree which states in effect that the trial court did not determine the issue of liability for prepayment penalties should be deleted.

In view of our conclusion that that issue could not be determined by the court in this proceeding, that language is mere surplusage. Accordingly, it should be deleted.

■■ Defendants' second assignment is that the court erred in awarding plaintiffs $2,047.50, representing the cost of a foreclosure title report. Allowable costs and disbursements are defined by ORCP 68A(2):

> " 'Costs and disbursements' are reasonable and necessary expenses incurred in the prosecution or defense of an action other than for legal services, and include the fees of officers and witnesses; the necessary expenses of taking depositions; the expense of publication of summonses or notices, and the postage where the same are served by mail; the compensation of referees; the necessary expense of copying of any public record, book, or document used as evidence on the trial; a reasonable sum paid a person for executing any bond, recognizance, undertaking, stipulation, or other obligation therein; and any other expense specifically allowed by agreement, by these rules, or by other rule or statute."

In *Overton v. Blake,* 274 Or 91, 94, 544 P2d 1037 (1976), the court held that, under *former* ORS 20.020, the predecessor to ORCP 68, the cost of a title search in a suit to quiet title was not a "necessary" expense within the statutory meaning. That holding is equally applicable in a strict foreclosure proceeding. *See former* ORS 20.030 (*repealed by* Or Laws 1979, ch 284, § 199); *see also Godfrey v. Gempler,* 157 Or 251, 264, 70 P2d 551 (1937). Plaintiffs do not claim that the expense of the title report was allowable by agreement or by any other rule or statute. The cost of the title report should have been disallowed.

The interlocutory decree of strict foreclosure is modified to delete as surplusage the language to the effect that the decree did not determine the parties' liability for prepayment penalties and to delete the award of $2,047.50 for the cost of the foreclosure title report; affirmed as modified.